1  RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General

2
   NITHYA SENRA (CABN 291803)
3  Trial Attorney, Tax Division
   U. S. Department of Justice
4      P.O. Box 683, Ben Franklin Station
       Washington, D.C. 20044
5      Telephone: (202) 307-6570
       Fax: (202) 307-0054
6      E-mail:     Nithya.Senra@usdoj.gov

7  BRIAN A. STRETCH
   United States Attorney
8  *Of Counsel*

9  Attorneys for the United States of America

10
                   UNITED STATES DISTRICT COURT
11
                 NORTHERN DISTRICT OF CALIFORNIA
12

13  UNITED STATES OF AMERICA,          | Case No. 18-cv-5931

14         Plaintiff,                  | COMPLAINT

15      v.

16  TIMBERLY E. HUGHES,

17         Defendant.

18

19        Plaintiff, the United States of America ("United States"), through its undersigned counsel,

20  alleges the following:

21                                  **Introduction**

22        1.      This is a timely civil action brought by the United States with the authorization of the

23  Secretary of the Treasury (31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the

24  United States. The United States brings this timely action to collect from defendant outstanding civil

25  penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, which were

26  assessed against Timberly E. Hughes, for her failure to timely report her financial interest in, and/or her

27  signatory authority over, foreign bank accounts for the 2010, 2011, 2012, and 2013 calendar years, as

28  required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and

COMPLAINT                                    1

1  interest, having a total balance due to the United States of America of $721,344.14 as of August 22,

2  2017.

3       2.     Additionally, the United States is entitled to proceed under the Federal Debt Collection

4  Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use

5  of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as

6  authorized by 28 U.S.C. § 3011.

7  **Defendant**

8       3.     Defendant Timberly E. Hughes is a resident of San Francisco, California, and resided in

9  San Francisco at the time the events that gave rise to the civil penalties at issue in this action took place.

10  Defendant is a U.S. citizen, and has been a U.S. citizen at all times relevant to the assessment of the

11  outstanding liabilities at issue in this action.

12  **Jurisdiction and Venue**

13       4.     Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331,

14  1345, and 1355.

15       5.     Venue is proper under 28 U.S.C. §§ 1395(a) and 1391(c)(1), or alternatively under 28

16  U.S.C. §§ 1391(b)(1) or 1391(b)(2), because Defendant resides in this district and a substantial part of

17  the events or omissions giving rise to the civil penalties (i.e. claim) occurred in this judicial district.

18  **Legal Authority for FBAR Penalty**

19       6.     31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States

20  citizens to report certain transactions with foreign financial agencies. Under the statute's implementing

21  regulations, "[e]ach United States person having a financial interest in, or signature authority over, a

22  bank, securities, or other financial account in a foreign country shall report such relationship" to the

23  Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. §

24  1010.350(a).

25       7.     To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign

26  Bank and Financial Accounts," commonly known as an "FBAR." For the calendar years at issue, an

27  FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding

28  $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

COMPLAINT                                    2

**Defendant's Foreign Bank or Other Financial Accounts**

8.      Ms. Hughes is the sole owner of two businesses in New Zealand, Takamatua Valley Vineyards Limited ("TVV"), a vineyard, and Cuba Uncorked Limited ("CU"), a wine bar. She incorporated TVV in 2001 (under a different name), and CU in 2013.  Ms. Hughes had signatory authority over all of TVV's and CU's financial accounts, including those held at ANZ Bank in New Zealand at all times relevant to this Complaint.

9.      During the years identified in the following table, Ms. Hughes had signatory authority over each financial account of TVV and CU detailed below, all of which were held at ANZ Bank located in New Zealand:

| Year | Account Name | Account numbers |
|------|-------------|----------------|
| **2010** | Takamatua Valley Vineyards | -1000, -1004, -0600, -0625 |
| **2011** | Takamatua Valley Vineyards | -1005, -1000, -1004, -1006, -0600, -0625 |
| **2012** | Takamatua Valley Vineyards | -1005, -1000, -1004, -1006, -0600, -0625 |
| **2013** | Takamatua Valley Vineyards | -1005, -1000, -1004, -1006, -0600, -0625 |
|      | Cuba Uncorked | -4400 |

10.      At all relevant times, the aggregate value of the financial accounts identified in paragraph 9 above exceeded $10,000 in U.S. currency, and Ms. Hughes was required to timely file an FBAR for the years at issue in this action.

**Defendant's Tax and FBAR Filings**

11.      Ms. Hughes has a bachelor's degree in business with a focus in accounting from Gonzaga University. She worked as an accounts manager at a development company until approximately 1990, when she started her own bookkeeping business.

12.      Since at least 2010, Ms. Hughes has performed bookkeeping services for a family trust that administers approximately $1 billion in assets. The family trust she provides bookkeeping services for has over 90 partnerships, and over 30 brokerage accounts which require bookkeeping.

13.      Ms. Hughes has also provided bookkeeping services for other clients which has included basis tracking, and tax return preparation services. For the calendar years 2010, 2011, 2012 and 2013, Ms. Hughes prepared approximately ten federal income tax returns (Forms 1040) for her clients each year. Ms. Hughes received compensation for her tax return preparation work for clients.

COMPLAINT                                3

1    14.    Ms. Hughes's accounts for TVV and CU at ANZ Bank earned interest income in the total

2 amounts of $3,822.88, $5,090.61, $1,418.55, and $6,826.62 in taxable years 2010, 2011, 2012, and

3 2013, respectively.

4    15.    Ms. Hughes failed to report any of the interest income for taxable years 2010 and 2011,

5 as she failed to attach a Schedule B, Interest and Ordinary Dividends, to her Forms 1040 for taxable

6 years 2010 and 2011.

7    16.    Ms. Hughes reported the interest income from her ANZ Bank accounts for taxable year

8 2012 on Schedule B and the interest income for her ANZ Bank accounts for taxable year 2013 on

9 Schedule C as part of TVV's gross receipts.

10    17.    On her 2012 Schedule B, Ms. Hughes reported interest income from "National Bank of

11 New Zealand" and answered "Yes" to the first question on line 7a of Part III, Foreign Accounts and

12 Trusts ("At any time during 2012, did you have a financial interest in or signature authority over a

13 financial account (such as a bank account, securities account, or brokerage account) located in a foreign

14 country? See instructions."), indicating that she had a foreign account.

15    18.    On her 2012 Schedule B, Ms. Hughes also answered "Yes" to the second question on line

16 7a ("If "Yes," are you required to file Form TD F 90-22.1 to report that financial interest or signature

17 authority? See Form TD F 90-22.1 and its instructions for filing requirements and exceptions to those

18 requirements"), indicating that she was required to file an FBAR for the 2012 reporting period; and

19 wrote "NZ New Zealand" on line 7b ("If you are required to file Form TD F 90-22.1, enter the name of

20 the foreign country where the financial account is located").

21    19.    Even though she answered affirmatively that she was required to file an FBAR for 2012,

22 and was referred to the FBAR filing requirements, Ms. Hughes did not timely file an FBAR for the 2012

23 calendar year.

24    20.    On her 2013 Schedule B, Ms. Hughes answered "Yes" to the first question on line 7a

25 indicating that she had a foreign account, but answered "No" to the second question on line 7a indicating

26 that she was not required to file an FBAR for the 2013 reporting period, even though she had a

27 reportable interest in foreign bank accounts, and the aggregate balance in her foreign bank accounts

28 exceeded $10,000. Ms. Hughes did not timely file an FBAR for the 2013 calendar year.

COMPLAINT                                              4

1   21.  Ms. Hughes never filed an FBAR prior to the Internal Revenue Service's August 21,

2 2014 issuance of an informal document request for her delinquent FBARs for the 2011, 2012, and 2013

3 calendar years. In response, Ms. Hughes filed delinquent FBARs for the 2011, 2012, and 2013 calendar

4 years on September 11, 2014. On January 1, 2015, an informal document request was issued requesting

5 an FBAR for the 2010 calendar year. Ms. Hughes filed her delinquent FBAR for the 2010 reporting

6 period on February 1, 2015.

7   22.  Ms. Hughes did not participate in any voluntary disclosure initiative, such as the 2009 or

8 2011 Offshore Voluntary Disclosure Programs.

9   **CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5))**

10    ***Liability for the Civil Penalties***

11   23.  During the 2010, 2011, 2012, and 2013 calendar years, Timberly E. Hughes was a United

12 States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United

13 States within the meaning of 31 C.F.R. § 1010.350(b).

14   24.  During the 2010, 2011, 2012, and 2013 calendar years, Timberly E. Hughes had

15 signatory authority over the accounts described in paragraph 9, within the meaning of 31 C.F.R.

16 § 1010.350(f).

17   25.  During the 2010, 2011, 2012, and 2013 calendar years, Timberly E. Hughes had a

18 financial interest in the accounts described in paragraph 9, within the meaning of 31 C.F.R.

19 § 1010.350(e).

20   26.  The accounts described in paragraph 9 were bank accounts (31 C.F.R. § 1010.350(c)(1))

21 in a foreign country.

22   27.  During the 2010, 2011, 2012, and 2013 calendar years, the aggregate balance of the

23 accounts described in paragraph 9 exceeded $10,000 in U.S. currency at a point in time during each

24 respective calendar year.

25   28.  Timberly E. Hughes failed to file an FBAR with regard to the 2010, 2011, 2012, and

26 2013 calendar years, by the applicable deadline, as required by 31 U.S.C. § 5314 and 31 C.F.R.

27 § 1010.306(c).

28

COMPLAINT         5

29.     The failure of Timberly E. Hughes to timely file FBARs with regard to the 2010, 2011, 2012, and 2013 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalties*

30.     On September 30, 2016, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury of the United States of America timely assessed Ms. Hughes with the following civil penalties:

| Year | Financial Institution | Corporate Entity | Account numbers | Total Amount of Penalties Assessed for the Year |
|------|----------------------|------------------|-----------------|------------------------------------------------|
| **2010** | ANZ Bank | TVV | -1000, -1004, -0600, -0625 | $32,845 |
| **2011** | ANZ Bank | TVV | -1005, -1000, -1004, -1006, -0600, -0625 | $205,545 |
| **2012** | ANZ Bank | TVV | -1005, -1000, -1004, -1006, -0600, -0625 | $167,316 |
| **2013** | ANZ Bank | TVV | -1005, -1000, -1004, -1006, -0600, -0625 | $273,193 |
| | | CU | -4400 | |
| | | | **Total:** | **$ 678,899** |

31.     The FBAR penalties described in paragraph 30 above were assessed pursuant to 31 U.S.C. § 5321(a)(5)(C), due to Defendant's willful failure to timely disclose each of the ANZ Bank accounts described in paragraph 9 of the Complaint, which imposes a penalty not to exceed the greater of $100,000 or 50 percent of the balance in the account at the time of the violation.

32.     A delegate of the Secretary of Treasury sent Ms. Hughes a notice of the assessment of the FBAR penalties described in paragraph 30 above, which totaled $678,899.00, and demand for payment.

33.     The United States is entitled to recover and collect the $678,899.00 in assessed but unpaid FBAR penalties from Ms. Hughes.

34.     In addition, pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Defendant's unpaid penalties. The accrued, but unpaid, interest was $6,063.59 as of August 22, 2017.

35.     In addition, pursuant to 31 U.S.C. § 3717(e)(2), Ms. Hughes owes late-payment penalties for her failure to pay a lawful debt owed to the United States. The accrued, but unpaid, late-payment penalty was $36,381.55 as of August 22, 2017.

COMPLAINT                                                        6

1     36.     In addition, pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover

2 charges assessed against Ms. Hughes to cover collection-related costs of processing and handling her

3 outstanding FBAR liabilities.

4     37.     Ms. Hughes is liable to the United States for the FBAR penalties, as well as associated

5 late-payment penalties and interest, in the total amount of $721,344.14, as of August 22, 2017, plus

6 statutory accruals from that date, less any payments, until the liability is paid in full.

7     38.     This is a timely Complaint to collect the assessed but yet unpaid FBAR penalties, and the

8 associated penalties and interest, and the United States is entitled to a judgment against Ms. Hughes for

9 the assessed but yet uncollected FBAR penalties of $678,899.00, together with late-payment penalties,

10 interest, and any collection-related costs that have accrued since the September 30, 2016, assessment

11 date of the FBAR penalties.

12     WHEREFORE, the United States respectfully prays that this Court:

13     A.     Enter Judgment in favor of the United States and against Defendant Timberly E. Hughes

14     in the amount of $721,344.14, as of August 22, 2017, together with late-payment penalties,

15     interest, and any collection costs accruing from that date;

16     B.     Award the United States its costs in this action, and any other further relief as the Court

17     may find necessary or appropriate.

18 Date: September 27, 2018.

19                      Respectfully submitted,

20                      RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

21

22                      */s/ Nithya Senra*
NITHYA SENRA (CABN 291803)
Trial Attorney, Tax Division

23                      U. S. Department of Justice

24                      BRIAN A. STRETCH
United States Attorney

25                      *Of Counsel*

26

27

28

COMPLAINT                 7

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nithya Senra, U.S. Dept. of Justice, Tax Division
P.O. Box 683, Washington, D.C. 20044, (202) 307-6570

## DEFENDANTS

Timberly E. Hughes

County of Residence of First Listed Defendant    San Francisco
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1   U.S. Government Plaintiff

[ ] 2   U.S. Government Defendant

[ ] 3   Federal Question
*(U.S. Government Not a Party)*

[ ] 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane — 365 Personal Injury – Product Liability | [X] 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability — 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability — 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability — **PERSONAL PROPERTY** | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| | 350 Motor Vehicle — 370 Other Fraud | 790 Other Labor Litigation | | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability — 371 Truth in Lending | 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury — 380 Other Personal Property Damage | | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice — 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | **CIVIL RIGHTS** — **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 891 Agricultural Acts |
| | 440 Other Civil Rights — **HABEAS CORPUS** | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | 441 Voting — 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 442 Employment — 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 443 Housing/ Accommodations — 530 General | | 871 IRS–Third Party 26 USC § 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment — 535 Death Penalty | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other — **OTHER** | | | |
| 245 Tort Product Liability | 448 Education — 540 Mandamus & Other | | | |
| 290 All Other Real Property | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding

[ ] 2 Removed from State Court

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from Another District *(specify)*

[ ] 6 Multidistrict Litigation–Transfer

[ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 5314, 5321

Brief description of cause:
Suit to collect civil penalties for failure to file FBARs

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

DEMAND $ 721,344.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE          DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)**    [X] **SAN FRANCISCO/OAKLAND**    [ ] **SAN JOSE**    [ ] **EUREKA-MCKINLEYVILLE**

**DATE** 09/27/2018      **SIGNATURE OF ATTORNEY OF RECORD**      /s/ Nithya Senra