RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

NITHYA SENRA (CABN 291803)
BORIS BOURGET (ORBN 172172)
Trial Attorneys, Tax Division
U. S. Department of Justice
   P.O. Box 683, Ben Franklin Station
   Washington, D.C. 20044
   Phone:   (202) 307-6570 (Senra)
               (202) 307-2182 (Bourget)
   Fax:     (202) 307-0054
   E-mail:  Nithya.Senra@usdoj.gov
               Boris.Bourget@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TIMBERLY E. HUGHES,<br><br>    Defendant. | Case No. 3:18-cv-5931-JCS<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE<br><br>Date and Time:  April 3, 2020, 9:30 a.m.<br>Location:          Courtroom F, 15th Floor,<br>                      450 Golden Gate Ave,<br>                      San Francisco, CA |

      The United States of America hereby opposes defendant's motion to strike submitted at Dkt. No. 42. She seeks to strike portions of the United States' brief in opposition to her motion to set aside default. *See* Dkt. No. 42, p. 3, ln.15-17 ("Defendant requests that the court strike Part C of the plaintiff's response because it is impertinent and immaterial and because it consists merely of an attorney's statements that are not supported by any evidence in the record."); Dkt. No. 42, p. 4, ln. 1-3 ("Likewise, defendant moves this court to strike certain statements from plaintiff's response to the defendant's request for leave to answer out of time, these statements that are not supported by evidence and those discussed in this reply.").

      Defendant erroneously contends that she may make conclusory statements that she has a meritorious defense, and that the United States' discussion of her actual exhibits and admissions

supporting the finding that she is liable for the penalties is somehow impertinent or immaterial. Defendant is mistaken and the Court should deny the motion to strike.

It is unclear under what authority defendant seeks to strike the portions of the United States' brief. Fed. R. Civ. P. 12(f) allows a party, in response to a pleading, to move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-974 (9th Cir. 2010) (allegations to be struck must fit one of specified categories). Significantly, only *pleadings* are subject to a motion to strike under Fed. R. Civ. P. 12(f), such that motions, declarations, or other material not contained in pleadings cannot be stricken under this rule. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The only pleading filed in this action is the Complaint. *See* Fed. R. Civ. P. 7(a) (setting forth the pleadings allowed), and Dkt. No. 1. The United States' opposition to defendant's motion to set aside default (at Dkt. 41) is not a pleading within the meaning of Fed. R. Civ. P. 7(a), and thus not subject to being stricken under Fed. R. Civ. P. 12(f). As a result, defendant cannot rely on Fed. R. Civ. P. 12(f) as a basis to strike any portion of the United States' brief.

While it is true that courts often consider motions to strike directed at papers other than pleadings—*e.g.*, seeking to strike filings on the basis of evidentiary rules or for violating local rules, these are not provided for under Fed. R. Civ. P. 12(f). *See, e.g., Apple, Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2013 WL 5737310, at *2 (N.D. Cal. Oct. 22, 2013) (addressing pre-trial motions to strike and relying on Fed. R. Evid. 403); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 839023, at *2 (N.D. Cal. Mar. 28, 2006) (N.D. Cal. Mar. 29, 2006) (permitting consideration of evidentiary motions to strike expert declarations and exhibits in connection with motions for summary judgment); *Erickson v. United States*, No. C-01-20798-JF, 2002 WL 571797, at *1 (N.D. Cal. Mar. 14, 2002) (district court considered defendant's motion to strike a late-filed opposition brief filed outside the deadlines set forth in the local rules). Given that Fed. R. Civ. P. 12(f) does not apply to motions seeking to strike matters outside the pleadings, some courts instead consider such motions as

1  objections. *See Chavez v. Credit Nation Auto Sales, Inc.,* 966 F. Supp. 2d 1335, 1344 (N.D. Ga.
2  2013) (denying motion to strike, but considering motion as objection).
3        Should this Court consider defendant's motion as an objection, such objection should be
4  overruled, as the United States' brief does not contain impertinent or immaterial content. *See*
5  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) *quoting* 5A Charles A.
6  Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (1990)
7  ("Immaterial matter is that which has no essential or important relationship to the claim for relief
8  or the defenses being plead." . . . "Impertinent matter consists of statements that do not pertain,
9  and are not necessary, to the issues in question.") In addressing whether to set aside a default
10 under Fed. R. Civ. P. 55, the applicable Ninth Circuit precedent requires this Court to address
11 whether or not defendant has alleged sufficient facts to support a meritorious defense. *See United*
12 *States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) ("All that is necessary to satisfy the
13 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a
14 defense." (internal quotes omitted).)
15       The United States' brief appropriately addresses whether or not defendant has alleged
16 sufficient facts to establish a meritorious defense. *See TCI Grp. Life Ins. Plan v. Knoebber,* 244
17 F.3d 691, 697(9th Cir. 2001), *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.
18 1986) ("To permit reopening of the case in the absence of some showing of a meritorious
19 defense would cause needless delay and expense to the parties and court system.") The United
20 States' brief clearly lays out that each of the "affirmative defenses" identified in defendant's
21 proposed answer seek to advance legal arguments, that are either erroneous or irrelevant, and
22 further points out that the actual evidence submitted (*i.e.* facts contained in her declaration and
23 exhibits) contain numerous admissions that establish the material facts to find defendant liable
24 for the FBAR penalties on the merits (and not as a result of her default). As such, the United
25 States' brief appropriately argues that defendant has failed to allege sufficient facts to establish a
26 meritorious defense, and that reopening the case would cause needless delay and expense to the
27 parties and court system. Thus, the discussion contained in the United States' brief is neither
28

immaterial nor impertinent, and the Court should deny the motion to strike, and should it be construed as an objection, overrule any such objection.

WHEREFORE, the United States respectfully requests the Court deny defendant's motion to strike set forth at Dkt. No. 42, deny defendant's motion to set aside default, and grant the United States' Motion for Default Judgment.

DATED this 26th day of March, 2020.

        Respectfully submitted,

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Nithya Senra*
        NITHYA SENRA
        BORIS BOURGET
        Trial Attorneys, Tax Division
        U.S. Department of Justice

        *Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants. I also certify that on the same date I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Timberly E. Hughes
1459 18th Street, Apt. 167
San Francisco, CA 94107

                                   */s/ Nithya Senra*
                                   NITHYA SENRA
                                   Trial Attorney, Tax Division
                                   U.S. Department of Justice

.