UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMBERLY E. HUGHES,<br><br>Defendant. | Case No. 18-cv-05931-JCS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR FAIR AND IMPARTIAL HEARING**<br><br>Re: Dkt. No. 40 |

On March 5, 2020, Defendant Timberly E. Hughes ("Defendant"), proceeding pro se, filed a "Motion for a Fair and Impartial Hearing." Dkt. No. 40. The Court construes this motion as a motion for disqualification. The Court finds this motion suitable for resolution without oral argument. Having considered the papers filed in support of the motion, the Court hereby **DENIES** this motion for disqualification.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 27, 2018, the United States brought this action to collect from Defendant outstanding civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, which were assessed against Defendant, for her alleged failure to timely report her financial interest in, and/or her signatory authority over, foreign bank accounts for the 2010, 2011, 2012, and 2013 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest. Compl. ¶ 1.

On October 11, 2018, the United States sent Defendant a request to waive service of the summons in this action. On October 29, 2018, Defendant's attorney executed the waiver on her behalf, and on November 20, 2018, the waiver was filed with the Clerk of Court. Dkt. No. 6. The parties then executed a series of stipulations to extend time for Defendant to answer or otherwise appear in this action in furtherance of settlement discussions in this matter. However, Defendant

1  failed to answer or otherwise respond to the complaint by the September 30, 2019 deadline
2  contained in the final stipulation. See Dkt. No. 11. The United States subsequently moved the
3  Clerk of Court for entry of default against Defendant on November 13, 2019 and the Clerk entered
4  default that same day. See Dkt. Nos. 16, 19. On November 15, 2019, the parties filed a joint case
5  management statement that stated, "[t]he parties were unable to agree to a settlement, and Ms.
6  Hughes does not wish to contest this action." Dkt. No. 20 at 3.

7  On December 6, 2019, the United States filed a motion for default judgment. Dkt. No. 25.
8  Defendant never filed an opposition to the motion for default judgment. On February 7, 2020, the
9  Court held a hearing on the United States' motion. Dkt. No. 33. Defendant appeared at the
10 hearing by telephone and requested that the Court delay entry of judgment in this case for two
11 weeks. Id. Defendant informed the court, for the first time, that she "was told by the 'Offer in
12 Compromise' (OIC) officer for the IRS that the judgment could affect [her] OIC offer." Dkt. No.
13 40 at 2. Defendant wanted to make sure that she could work with the IRS. Id. Defendant claims
14 that, at the hearing, this Court stated that it would be very difficult for the Defendant to convince
15 the Court that Defendant's actions were not willful as alleged in the complaint. Dkt. No. 40 at 2.
16 Defendant also states that she was "baited" into discussing the merits of the case. Id. Defendant
17 states that she "felt completely bullied by the judge and government attorney" when asked to
18 decide at the hearing for the motion for default judgment whether Defendant intends to contest the
19 motion. Id. at 3. Defendant represented to the Court that she did not contest the motion for
20 default judgment. Dkt. No. 33; Dkt. No. 40 at 3. Defendant claims that the Court stated that is
21 what the Court thought Defendant would end up doing. Dkt. No. 40 at 3. Defendant states, "[i]t
22 later occurred to be that, of course that is what the judge would expect me to do after bullying me
23 in the courtroom and telling me how he'd already made up his mind." Id. The Court granted
24 Defendant's request that the Court delay entry of judgment by two weeks. Dkt. No. 33.

25 On February 10, 2020, Defendant filed a "request for leave to answer out of time," which
26 the Court construed as a motion to set aside entry of default. Dkt. No. 34.

27 On March 5, 2020, Defendant filed this motion for disqualification of the undersigned with
28 an affidavit. Dkt. No. 40.

## II. DISCUSSION

### A. Legal Standard

Defendant has not provided the Court with any legal basis for her motion. The Court, however, assumes that Defendant's motion is made pursuant to 28 U.S.C.A. § 144 and 28 U.S.C.A § 455.

Section 144 provides:
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides in relevant part:
> (a) Any. . . magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party . . . .

The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1). See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980); United States v. Carignan, 600 F.2d 762, 764 (9th Cir. 1979); United States v. Olander, 584 F.2d 876, 882 (9th Cir. 1978). A motion properly brought pursuant to section 144 will also raise a question concerning recusal under section 455(b)(1). See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450,

1453 (9th Cir.1997) (per curiam) (brackets and internal quotation marks omitted).

"Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). For section 144, relief is conditioned upon the filing of a timely and legally sufficient affidavit. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980); Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979); United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979); United States v. Bennett, 539 F.2d 45, 51 (10th Cir.), cert. denied, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976). If the judge determines that "the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).

Section 455, on the other hand, sets forth no procedural requirements. "That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." See United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980); see also Davis v. Board of School Commissioners, 517 F.2d 1044, 1051 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). Section 455 includes no provision for referral of the question of recusal to another judge. See, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979). Instead, a motion under section 455 requires a judge to determine "whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), a matter which rests within the sound discretion of the judge." See United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980); United States v. Schreiber, 599 F.2d 534, 536 (3d Cir.), cert. denied, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979).

**B.     Analysis**

The Court first considers herein whether the affidavit submitted by Defendant is, for purposes of section 144, legally sufficient. An affidavit filed pursuant to section 144 is generally "not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party stemming from an extrajudicial source,"

4

see United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980), i.e., a source other than "conduct or rulings made during the course of the proceeding.," see Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (finding affidavit "legally insufficient" where challenge based on "conduct during the judicial proceeding"). Further, a judge's views on legal issues may not serve as the basis for motions to disqualify. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). As the Supreme Court has explained:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Liteky v. United States, 510 U.S. 540, 555 (1994); accord United States v. Wilkerson, 208 F.3d 794, 799 (9th Cir.2000) ("To disqualify a judge, the alleged bias must constitute animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." (internal quotation marks omitted)).

Here, the affidavit submitted by Defendant in support of her motion is legally insufficient. Defendant has not alleged that the Court has exhibited bias or prejudice towards Defendant stemming from an extrajudicial source. Instead, Defendant complains about the Court's alleged remarks during the hearing on the United States' motion for default judgment. Although Defendant never responded to the United States' complaint or filed an opposition to the United States' motion for default judgment prior to the hearing, Defendant complains that the Court allegedly stated it "already decided defendant's actions were willful and that the court not likely be convinced otherwise." Dkt. No. 40 at 1. Defendant complains that "[t]his was stated without any evidentiary hearing and before the defendant even answer the complaint or any discovery was undertaken and before there was even any pretrial conference." Id. In Defendant's affidavit, Defendant alleges that the Court stated that "it would be very difficult for [Defendant] to convince him that [her] actions were not willful as alleged in the complaint, as [the Court] stated that

5

1  [Defendant] had checked the box on one of [her] returns that an FBAR filing was due." Id. at 2. The Court did not unequivocally state that Defendant's actions were willful but instead engaged the Defendant in a discussion regarding evidence she had to support her position because she had not opposed the motion prior to the hearing. Defendant complains that after she provided information regarding her mortgage loans, the Court allegedly stated, "so you lived in the house, so you got a benefit and you should have reported it." Id. at 3. These remarks that the Court allegedly made were "on the basis of facts introduced or events occurring in the course of the current proceedings" and "do not constitute a basis for a bias or partiality motion" because they do not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

Furthermore, despite representing to the Court that she does not wish to contest this action, (dkt. no. 20 at 3), and her failure to file any opposition to the United States' motion for default judgment, Defendant claims that at the hearing on the United States' motion for default judgment, she felt bullied by the Court and the government attorney when the United States' counsel stated that Defendant would need to make up her mind "right then and there" if she was going to fight the motion. Dkt. No. 40 at 3. Since Defendant claims that this exchange occurred at the hearing for the United States' motion for default judgment, the Court's agreement that Defendant should make clear whether she intended to fight in motion did not display a deep-seated favoritism or antagonism. Consequently, as Defendant has failed to assert any facts supporting a possible cognizable ground for recusal under section 144 or otherwise, the Court finds the affidavit is not legally sufficient.

With regard to section 455, the Court has considered whether the instant motion identifies any ground upon which disqualification would be warranted, as well as whether there is any other ground for disqualification, and finds no such ground exists. As discussed above, the Court's comments did not create reasonable grounds for questioning his impartiality as the comments were based on evidence provided to the Court and Defendant's representations at the hearing. These comments did not display a deep-seated favoritism or antagonism that would make fair judgment impossible.

6

## III. CONCLUSION

Accordingly, Defendant's motion for disqualification is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: March 31, 2020

JOSEPH C. SPERO
United States Magistrate Judge