TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                        CASE NO.  3:18-cv-5931-JCS

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

### NOTICE OF DEPOSITION UPON WRITTEN QUESTIONS

TO:  Jonathan Lauren, Deponent
c/o David L. Anderson or Nithya Senra
P. O. Box 683, Ben Franklin Station, Washington, DC  20044

    PLEASE TAKE NOTICE that between the dates of Monday October 12th and Friday October 16th 2020, the deponent shall appear before an officer of the court and give his testimony in response to the enclosed deposition upon written questions.

    The plaintiff's attorney shall coordinate the time and place with a court reporting service and notify you of the same and you will be required to attend and give your testimony in response to the written questions included herewith.

    You are being served a *subpoena duces tecum* together with this notice, or soon-after it is served upon you, and you are required to bring to your deposition, all records that pertain to the defendant and those that were used at every stage of the audit and the appeals.

DATED this _4th__ day of September 2020.

                                               ____*Timberly E. Hughes*_____
                                                Timberly E. Hughes, Defendant

TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                      CASE NO.  3:18-cv-5931-JCS

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

## NOTICE OF DEPOSITION UPON WRITTEN QUESTIONS

TO:  Edward Barfels, Deponent
c/o David L. Anderson or Nithya Senra
P. O. Box 683, Ben Franklin Station, Washington, DC  20044

    PLEASE TAKE NOTICE that between the dates of Monday October 12th and Friday October 16th 2020, the deponent shall appear before an officer of the court and give his testimony in response to the enclosed deposition upon written questions.

    The plaintiff's attorney shall coordinate the time and place with a court reporting service and notify you of the same and you will be required to attend and give your testimony in response to the written questions included herewith.

    You are being served a *subpoena duces tecum* together with this notice, or soon-after it is served upon you, and you are required to bring to your deposition, all records that pertain to the defendant and those that were used at every stage of the audit and the appeals.

DATED this _4th__ day of September 2020.

                                                 ____*Timberly E. Hughes*_____
                                                 Timberly E. Hughes, Defendant

TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                                              CASE NO.  <u>3:18-cv-5931-JCS</u>

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

# NOTICE OF DEPOSITION

# UPON WRITTEN QUESTIONS

The plaintiff and defendant have stipulated to depositions of the following witnesses:

Jonathan Lauren, Auditor.

NOTICE IS HEREBY GIVEN TO Jonathan Lauren of the following deposition upon written questions:

1. Please state your name, business address and job title.

_____

_____

2. What facts helped you determine that the defendant's conduct or failure to disclose as alleged in the complaint was willful?

_____

_____

3. At any time did you believe that the defendant's conduct was not willful and please explain your reasoning.

_____

_____

4. If you first believed the defendant's conduct or failure to disclose or report was willful as alleged in the complaint, please explain why you changed your mind.

_____

_____

5. Please list all of the facts supporting your conclusion that the defendant acted willfully as alleged in the complaint.

_____

_____

6. What conduct of the defendant was meant to conceal or mislead sources of income or other financial information?

_____

_____

7. What facts led you to conclude that the defendant knowingly or recklessly violated a statute and please identify the statute and its implementing regulation?

_____

_____

8. Do you have any records or information of any prior crimes committed by the defendant involving the same violations alleged in the complaint?

_____

_____

9. Was defendant ever accused, indicted or convicted for bankruptcy fraud or tax fraud?

_____

_____

10. What facts or information do you have demonstrating that the defendant had any history of criminal tax or Bank Secrecy Act convictions for the preceding ten years?

_____

_____

11. Have you ever discovered any records or information that the defendant had any history of FBAR penalty assessments?

_____

_____

12. What records or information have you discovered showing any money passing through any of the foreign accounts alleged to have been associated with the defendant that were from an illegal source or used to further a criminal purpose?

_____

_____

13. Did the defendant refuse to cooperate during the related IRS audit?

_____

_____

14. Did you discovery any records or information showing that the IRS determined or assessed a fraud penalty against the defendant for any income tax underpayments related to any alleged foreign account?

_____

_____

15. Regarding these questions, are you answering these questions in your own words or are you be advised what to say by anyone?

_____

_____

16. If you have been advised as to what to say by anyone in response to these questions, please list the names and addresses and job titles of each of these individuals.

_____

_____

Please be further advised that the defendant intends to take the deposition of each deponent named herein, together with any new witnesses discovered during discovery, at a deposition in person (or via video) and that the deponents are obligated to supplement their responses as new information becomes available.

DATED this \_4th\_\_ day of September 2020.

\_\_\_\_\_Timberly E. Hughes\_\_\_\_\_
Timberly E. Hughes, Defendant

- 5 -

TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                                              CASE NO.  3:18-cv-5931-JCS

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

## NOTICE OF DEPOSITION

## UPON WRITTEN QUESTIONS

    The plaintiff and defendant have stipulated to depositions of the following witness: Edward Barfels manager of the auditor, Jonathan Lauren.

    NOTICE IS HEREBY GIVEN TO Edward Barfels of the following deposition upon written questions:

    1.  Please state your name, business address and job title.

_____

_____

    2.  What facts helped you determine that the defendant's conduct or failure to disclose as alleged in the complaint was willful?

_____

_____

    3.  At any time did you believe that the defendant's conduct was not willful and please explain your reasoning.

_____

_____

    4.  If you first believed the defendant's conduct or failure to disclose or report was willful as alleged in the complaint, please explain why you changed your mind.

_____

_____

5. Please list all of the facts supporting your conclusion that the defendant acted willfully as alleged in the complaint.

_____

_____

6. What conduct of the defendant was meant to conceal or mislead sources of income or other financial information?

_____

_____

7. What facts led you to conclude that the defendant knowingly or recklessly violated a statute and please identify the statute and its implementing regulation?

_____

_____

8. Do you have any records or information of any prior crimes committed by the defendant involving the same violations alleged in the complaint?

_____

_____

9. Was defendant ever accused, indicted or convicted for bankruptcy fraud or tax fraud?

_____

_____

10. What facts or information do you have demonstrating that the defendant had any history of criminal tax or Bank Secrecy Act convictions for the preceding ten years?

_____

_____

11. Have you ever discovered any records or information that the defendant had any history of FBAR penalty assessments?

_____

_____

12. What records or information have you discovered showing any money passing through any of the foreign accounts alleged to have been associated with the defendant that were from an illegal source or used to further a criminal purpose?

_____

_____

13. Did the defendant refuse to cooperate during the related IRS audit?

_____

_____

14. Did you discovery any records or information showing that the IRS determined or assessed a fraud penalty against the defendant for any income tax underpayments related to any alleged foreign account?

_____

_____

15. Regarding these questions, are you answering these questions in your own words or are you be advised what to say by anyone?

_____

_____

16. If you have been advised as to what to say by anyone in response to these questions, please list the names and addresses and job titles of each of these individuals.

_____

_____

Please be further advised that the defendant intends to take the deposition of each deponent named herein, together with any new witnesses discovered during discovery, at a deposition in person (or via video) and that the deponents are obligated to supplement their responses as new information becomes available.

DATED this \_4th\_\_ day of September 2020.

                \_\_\_\_*Timberly E. Hughes*_____
                Timberly E. Hughes, Defendant

TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                                                                 CASE NO.  <u>3:18-cv-5931-JCS</u>

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

    Pursuant to Federal Rules of Civil Procedure 26 and 33, the United States of America requests 18 that within 30 days, plaintiff, United States, answer the following interrogatories under oath and serve responses on the defendant.

    The defendant incorporates and re-states the "Instructions" and "Definitions" given in plaintiff's interrogatories to the defendant in this set of interrogatories and requests for production made upon the plaintiff.

    1. Please state and your name, business address and job title.

    2. Please identify what records you have that prove the defendant is a United States Citizen and cite the law or regulation that defines the meaning of "United States Citizen" as it pertains to the pending matter and then produce a copy of these records with your written response.

    3. Identify the date upon which the defendant was required to file FBARs for calendar years 2010, 2011, 2012 and 2013 and explain how you made this determination.

    4. Please produce copies of all written communication from any institution, foreign or domestic, that reported or disclosed information about the defendant's banking activities and/or business interests to the United States or any agency thereof.

    5. Please list all of the facts, with supporting documentary evidence, that would be used to prove your allegation that the defendant acted willfully as alleged in the complaint.

    6. What conduct of the defendant was meant to conceal or mislead sources of income or other financial information?

7. What evidence demonstrates that the defendant knowingly or recklessly violated a statute and please identify the statute and its implementing regulation?

8. Does the plaintiff have any evidence of any prior crimes committed by the defendant involving the same violations alleged in the complaint?

9. Was defendant ever accused, indicted or convicted for bankruptcy fraud or tax fraud?

10. Has the plaintiff proffered any evidence that the defendant had any history of criminal tax or Bank Secrecy Act convictions for the preceding ten years?

11. Has the plaintiff proffered any evidence that the defendant had any history of FBAR penalty assessments?

12. If your answer to number 11 is yes, please describe or identify and list those accounts.

13. Has the plaintiff proffered any evidence of any money passing through any of the foreign accounts alleged to have been associated with the defendant that were from an illegal source or used to further a criminal purpose?

14. Has the plaintiff proffered any evidence that the defendant refused to cooperate during the related IRS audit?

15. Has the plaintiff proffered any evidence that the IRS determined or assessed a fraud penalty against the defendant for any income tax underpayments related to any alleged foreign account?

Please be further advised that the defendant intends to take the deposition of each deponent named herein, together with any new witnesses discovered during discovery, at a deposition in person (or via video) and that the deponents are obligated to supplement their responses as new information becomes available.

**VERIFICATION OF RESPONSES**

I declare under penalty of perjury that the foregoing responses to the defendant's interrogatories and requests for production to the United States are true and correct.

Dated _____                                                    _____
                                                                                                                    for the plaintiff

DATED this 4th day of September 2020.

_____Timberly E. Hughes\_
Timberly E. Hughes,
Defendant in Propria Persona

- 10 -

**CERTIFICATE OF DISCOVERY**

I Timberly E. Hughes hereby certify that a true and correct copy of the foregoing discovery requests were duly served upon the plaintiff's attorney of record, David L. Anderson and Nithya Senra, at the address of P. O. Box 683, Ben Franklin Station, Washington, DC  20044, via first class mail this 4th day of September 2020.

By: *Timberly E. Hughes.*

TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                          CASE NO.  3:18-cv-5931-JCS

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

## MOTION TO COMPEL DISCOVERY

The two IRS agents that precipitated this entire matter include the original auditor, Jonathan Lauren and his manager Edward Barfels.

Plaintiff has boldly claimed, during the "meet and confer" conference, that its refusal to produce any evidence whatsoever will be supported by the court. The defendant wants to know if this has been communicated by the court to the plaintiffs without the knowledge of the defendant or if there is some special arrangement that the plaintiff has with the court, or if this is just normally how the business of the court is conducted, to fabricate records and give the United States what it wants, regardless of actual facts. Is it the intent of the court to merely give the appearance of justice, or to actual serve as an impartial arbiter and preside in a fair and impartial manner in this case? Why has the court denied the defendant's motion for a fair and impartial hearing?

Plaintiff expressed the following conditions upon discovery, basically claiming that the defendant is not entitled to any discovery from the plaintiff, and yet the plaintiff intended to rely solely upon the defendant's responses to discovery in its plan to evade a trial or having to meet its burden of proof and obtain summary judgment without any consideration of the merits of the cause of action. The following is a list of the "terms" stated by the plaintiff:

1. Plaintiff wants a month's notice for the depositions for the IRS agents and a list of topics to discuss. Plaintiff said it needs to get a testimony authorization from the IRS before a deposition would be permitted and needs to know what topics will be covered at the deposition in advance.

2. Plaintiff has stated that the manager Jonathan Lauren of the auditor Edward Barfels will likely be unavailable to discuss anything as it is internal communication and considered privilege and offered no alternatives, again in bad faith.

3. Plaintiff refuses to produce the redacted document basing this refusal on the erroneous claim that it is internal communication and protected as attorney/client privilege.

4. Plaintiff, instead of cooperating with the defendant to schedule depositions, is refusing to participate in any depositions unless the defendant obtains a subpoena under rule 5 and then Rule 33 for specific interrogatories to get questions to the IRS. The plaintiff goes on to claim, during the "meet and confer" that because all of these related records are privileged, "it is unlikely that you will get anywhere with discovery".

**Deponents have Material Facts to Discover**

Lauren was the auditor in defendant's audit as alleged in the complaint and had initially determined that the defendant did not willfully fail to disclose or report on proper forms as alleged. Later, his manager Edward Barfels changed this determination without any determination or discovery of new facts, to give the appearance that the defendant's failure to disclose or report on proper forms was willful.

A short time following Mr. Barfels' intervention, Mr. Lauren changed his determination to conclude that the defendant's failure to disclose on the proper forms was willful.

The defendant believes that there was no factual basis for these conclusions and that they were made simply to punish and abuse the defendant.

At this time, the plaintiff is refusing to produce any of these two witnesses and has not yet filed one word of evidence to support its allegations in the complaint. The plaintiff appears to be anticipating the use of the defendant's responses to discovery as a means to obtain summary judgment, or claiming that the defendant failed to give the answers that the plaintiff would have preferred, so that the plaintiff can then ask for summary judgment and evade its burden of proof.

In anticipation of this unfair proceeding, and in light of the fact that this court has overtly signed an order denying the defendant a fair and impartial hearing, the defendant is asking the court to compel the plaintiff to produce certain discovery items, to wit:

Regarding plaintiff's disclosure of documents, nearly every line of Page 241, a true and correct copy is attached, has been redacted and the plaintiff is claiming one or more privileges against disclosing the redacted information.

Defendant sincerely believes that this page discusses the fact the Mr. Laruen told defendant's former attorney that he agreed this was not a willful case and that the IRS was going back and forth trying to figure out how to access the most penalties. They discussed on the following pages how the duplicate bank error accounted for an additional $700,000 in penalties, and that it was acceptable to leave that amount "on the books" as there was precedence to charge these types of penalties based upon transactions that were counted more than once by the IRS when assessing penalties.

Defendant requests an order compelling the plaintiff to either justify its refusal to disclose or to produce the un-redacted version of Page 241 as refusing to do so creates a substantial prejudice to the defendant and the facts that are likely to be revealed from the redacted document are material to this case and very likely to establish that the plaintiff's claim of willfulness is unfounded and contradictory to the evidence.

In the alternative to compelling the plaintiff to produce the un-redacted Page 241, defendant requests an order providing for an *in camera* review of the un-redacted page so that the court can determine if the privilege or privileges against disclosure are properly applied.

Regarding the plaintiff's 860 pages given with its Rule 26.1 disclosures, all but three pages were relevant or pertinent. The rest of these pages included groups that were duplicated at least once and some three times.

The defendant requests that the duplicated pages be stricken as being impertinent and immaterial and redundant.

DATED this _4th__ day of September 2020.

____Timberly E. Hughes____<br>Timberly E. Hughes,<br>Defendant in Propria Persona

TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
  PLAINTIFF

v.              CASE NO.  <u>3:18-cv-5931-JCS</u>

TIMBERLY E. HUGHES
  DEFENDANTS
_____/

**MOTION TO STRIKE**

  Discovery answers filed untimely with the court to further prejudice the court against the defendant and filed in violation of the rules.

  The plaintiff falsely claimed that there was a dispute regarding discovery when there was absolutely no dispute whatsoever, and then disclosed the defendant's pending discovery responses to the court to create additional prejudice against the defendant. The defendant requests that the court disregard these pending discovery responses and strike them from the record at this time, and until the final discovery responses may become pertinent for the court to intervene or consider.

  Regarding the plaintiff's 860 pages given with its Rule 26.1 disclosures, all but three pages were relevant or pertinent. The rest of these pages included groups that were duplicated at least once and some three times.

  The defendant requests that the duplicated pages be stricken as being impertinent and immaterial and redundant.

  The defendant further requests all allegations and claims regarding the defendant's alleged conduct of "fraud" be stricken for the reason  that  these considerations were abandoned by the Internal Revenue Service (United States) during the administrative hearing  process prior to the commencement of this proceeding.

**VERIFICATION**

Defendant verifies that this motion is made in good faith and not intended solely for purposes of delay or harassment or to unnecessarily increase the costs of litigation.

WHEREFORE defendant requests an order granting her motion to strike and articulated herein and for other relief deemed appropriate by this court.

DATED this _4th__ day of September 2020.

_____*Timberly E. Hughes*_____
Timberly E. Hughes,
Defendant in Propria Persona

TIMBERLY E. HUGHES,
Defendant *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                              CASE NO. <u>3:18-cv-5931-JCS</u>

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

## CERTIFICATE OF SERVICE

    I Timberly E. Hughes hereby certify that a true and correct copy of the foregoing was duly served upon the plaintiff's attorney of record, David L. Anderson and Nithya Senra, at the address of P. O. Box 683, Ben Franklin Station, Washington, DC 20044, via first class mail and online this \_4th\_\_ day of September 2020.

By: *Timberly E. Hughes*