UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMBERLY E. HUGHES,<br><br>Defendants. | Case No. 18-cv-05931-JCS<br><br>**ORDER REGARDING SEPTEMBER 4, 2020 FILINGS**<br><br>Re: Dkt. Nos. 68–74 |

Defendant Timberly Hughes, pro se, filed a number of documents on September 4, 2020. The Court addresses those filings in turn below.[1]

## I.   DOCKET ENTRY 68

Hughes's first filing, docket entry 68,[2] includes a motion to compel discovery beginning at page 12 of the filing, and a motion to strike beginning at page 16 of the filing. Hughes is admonished not to bury motions requiring response by an opponent and resolution by the Court behind pages of other documents (here, multiple deposition notices, which do not in themselves require any action by the Court). Hughes's motion to compel is DENIED without prejudice for failure to comply with the meet-and-confer and joint letter requirements of section E of this Court's Civil Standing Orders, included for reference as an attachment to this order.

Hughes's motion to strike asks the Court to strike duplicate or impertinent pages from the

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).
[2] This filing includes a number of financial account numbers and other personal information governed by Rule 5.2 of the Federal Rules of Civil Procedure. By filing her own personal information in the public record, Hughes has waived the protection of that rule. *See* Fed. R. Civ. P. 5.2(h) ("A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal."). In the interest of caution, however, the United States is instructed to comply with Rule 5.2(a) with respect to Hughes's personal information in all future filings, even where Hughes has disclosed the same personal information in the public record.

1  United States' Rule 26 initial disclosures, and "all allegations and claims regarding the
2  defendant's alleged conduct of 'fraud,'" which Hughes contends the United States abandoned
3  during administrative proceedings. As there is no allegation of fraud in the United States'
4  complaint (dkt. 1),[3] the Court understands that request as also directed to the United States' initial
5  disclosures. The motion to strike included in docket entry 68 is therefore also DENIED without
6  prejudice for failure to follow the Court's procedures for raising a discovery dispute. The Court
7  notes that, absent some unusual showing of prejudice to the recipient, an overly expansive initial
8  disclosure would generally not rise to the level of an error requiring the Court's intervention.

## II.   DOCKET ENTRY 69

Docket entry 69 includes a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, a motion to compel discovery, and a motion to strike material filed by the United States in support of a previous discovery motion filed by the United States (which the Court resolved by ordering the parties to meet and confer).

The motion for sanctions is DENIED without prejudice, both for failure to serve on the opposing party and provide an opportunity to correct before filing as required by Rule 11(c)(2), and because the motion is premised on issues going to the merits of the case better addressed on summary judgment or at trial. *See Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir.1997) (noting that under 1993 amendments to Rule 11, "[o]nce a motion is properly filed with the court, the drafters prudently permit the court to defer ruling on the sanctions motion until after the final resolution of the case"). If Hughes ultimately prevails on the merits of the case and still believes at that time that sanctions are warranted, she may renew her motion.

The motion to compel is DENIED without prejudice for the same reasons discussed above with respect to docket entry 68.

---

[3] To the extent that Hughes's motion might be directed to the United States' allegations that Hughes' failure to provide certain disclosures was "willful," *see* Compl. ¶¶ 29, 31, that issue goes to the merits of the case and is better addressed though a motion for summary judgment after discovery is complete, or at trial. Hughes has not shown any basis to dispose of those allegations on a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. Such motions are generally disfavored in federal court, and are granted only at a district court's discretion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008).

Hughes's motion to strike the attachments to the United States' discovery motion is DENIED. Hughes cites no authority for the outcome she seeks, and fails to explain how the United States having "disclosed the defendant's pending discovery responses to the court" would "create additional prejudice against the defendant." *Cf.* Dkt. 68 at 7. Any future motions should address both (1) the basis in law for the relief that Hughes requests; and (2) the practical effect of granting the motion, such that it is a worthwhile use of the Court's and the parties' time.

### III.  DOCKET ENTRIES 70 THROUGH 74

Docket entries 70, 71, and 72 are certificates of service with no other documents attached to them. The Court disregards those filings.

Docket entries 73 and 74, improperly captioned in the Court's electronic filing system as notices of appearance, are in fact subpoenas requiring signatures from the Clerk. *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."). The Clerk will address those in due course.

### IV.  CONCLUSION

For the reasons discussed above, all of the motions filed in docket entries 68 and 69 are DENIED.

Hughes, who is representing herself, is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as she continues to defend this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. In-person appointments are not currently available due to the COVID-19 public health emergency, but Hughes may contact the Help Desk at 415-782-8982 or FedPro@sfbar.org to schedule a telephonic appointment

**IT IS SO ORDERED.**

Dated: September 4, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge