UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMBERLY E. HUGHES,<br><br>Defendants. | Case No. 18-cv-05931-JCS<br><br>**ORDER SEALING EXHIBITS AND ATTACHING STANDING ORDER**<br><br>Re: Dkt. No. 68 |

I.   **EX PARTE REQUEST TO SEAL**

Defendant Timberly Hughes, pro se, filed a number of motions on September 4, 2020. In an order issued the same day denying those motions, the Court noted that Hughes waived the protection of Rule 5.2 of the Federal Rules of Civil Procedure by filing personal information included in exhibits in the public record. *See* dkt. 75 at 1 n.2. After that order was issued, Hughes sent an ex parte request via email to the Courtroom Deputy requesting that the exhibits to docket entry 68 be placed under seal.

Sealing documents in a federal court docket is the exception rather than the rule, and generally must be supported by "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).[1] Requests to file under seal must be made by administrative motion filed in the public record at the time the document at issue is filed, following the procedure set by Civil Local Rule 79-5. Such requests must be narrowly tailored, and even where the Court grants a motion to seal, parties often must also file versions of the documents at issue in the public record with only the sensitive portions of them redacted.

---

[1] A lower standard of "good cause" can suffice for sealing documents filed in connection with a motion only tangentially related to the merits of the case. *Ctr. for Auto Safety*, 809 F.3d at 1097–1103.

In an abundance of caution, and taking into account Hughes's pro se status, the Court GRANTS Hughes's ex parte request in this instance, and SEALS docket entries 68-3 through 68-6, each of which contains Hughes's personal information that would, absent waiver, be protected by Rule 5.2. Going forward, Hughes must follow the appropriate procedures to request sealing; future ex parte requests by email will be disregarded. To avoid the need for sealing, both parties are encouraged to redact sensitive information that is not relevant to the purposes for which a document is filed.

## II.  CIVIL STANDING ORDERS

The Court's previous order (dkt. 75) stated that this Court's Civil Standing Orders would be attached for reference. Due to an administrative error, however, the standing orders were not attached to that order. The standing orders are attached here. The Court apologizes for any confusion.

* * *

Hughes is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as she continues to defend this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. In-person appointments are not currently available due to the COVID-19 public health emergency, but Hughes may contact the Help Desk at 415-782-8982 or FedPro@sfbar.org to schedule a telephonic appointment

**IT IS SO ORDERED.**

Dated: September 8, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge