UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>TIMBERLY HUGHES,<br><br>      Defendant. | Case No. 18-cv-05931-JCS<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>Dkt No. 78 |

The parties to this case filed a joint letter (docket number 78) in which the plaintiff seeks to compel the defendant to further respond and produce documents and information in response to requests for admission, interrogatories, and requests for the production of documents (the "Motion"). GOOD CAUSE APPEARING, the Motion is **GRANTED** as follows:

1. Defendant seems to be under the misimpression that because the plaintiff has a burden of proof in this matter, she is excused from providing substantive discovery responses, including the production of information and documents. That is not a correct statement of the law. Any party may take discovery of the information, documents, or positions (through requests for admission) in the possession of the other party so long as the requests concern a "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Accordingly, the plaintiff is entitled to get information and documents from the plaintiff that are relevant to its case, even if that information or those documents will help the plaintiff prove its case.

2. Requests for Admission. Requests for admission must, generally, be either admitted or denied. If part of what is sought by the request is true, and part is not, then the responding party must admit the part that is true, and deny the part that is not true. If the responding party makes a reasonable and good faith investigation and still does not know whether the admission sought is true, they may say so and deny on that basis. Fed. R. Civ. P. 36(a)(4). With respect to the responses by defendant, none of defendant's objections to the Requests for Admission at issue have merit. They are all **OVERRULED**. Defendant is **ORDERED** to either Admit, or Deny, each and every admission sought, within fourteen (14) days of this order. Defendant is cautioned that if she denies a request for admission, and the plaintiff later proves that the matter on which it sought admission was true,

plaintiff may seek to have the defendant pay to plaintiff the cost of proving that matter under Fed. R. Civ. P. 37(c)(2).

3. Interrogatories.  Defendant's objections to Interrogatories 1 through 6 are **OVERRULED**.  These questions are directly relevant to, and proportional to, the needs of, the case.  However, defendant has answered in substance Interrogatory 2.  Accordingly, within fourteen (14) days of this order, defendant is **ORDERED** to answer completely, without objection, Interrogatories 1, and 3 through 6.

4. Requests for Production of Documents.  Defendant's objections are **OVERRULED**.  The Court rules on the specific requests as follows:

   a. Request 2:  Motion **DENIED**.
   b. Request 3:  Motion **GRANTED**.  Defendant is **ORDERED** to produce these documents within two (2) weeks of this order.
   c. Requests 4, 5, and 6: Motion is **GRANTED IN PART**.  Defendant is **ORDERED,** within two (2) weeks of this order, to serve a declaration on the plaintiff detailing all of her reasonable efforts to find these documents, and the circumstances under which they may have been lost or destroyed, along with the name, address, email address and telephone number of any person who may have copies of these documents.
   d. Request 7.  Motion is **GRANTED**.  Defendant is **ORDERED** to produce these documents within two (2) weeks of this order.
   e. Requests 8 and 9:  Motion is **GRANTED IN PART**.  Defendant is **ORDERED**, within two (2) weeks of this order, to serve a declaration on the plaintiff detailing all of her reasonable efforts to find these documents, and the circumstances under which they may have been lost or destroyed, along with the name, address, email address and telephone number of any person who may have copies of these documents.

5. Letter to ANZ Bank.  Plaintiff has sought documents from defendant related to the accounts at issue at ANZ Bank New Zealand, Ltd.  Defendant has indicated that she does not possess some of these documents, such as the signature cards and other documents related to the accounts.  ANZ Bank has told counsel that it will produce documents related to the account with the consent of defendant.  Accordingly, the defendant has access to and control over the documents that are in the possession of the bank, and must produce them.  The proposed letter to the bank is reasonable and only seeks documents that are relevant to the issues in this case, including willfulness.  Accordingly, Defendant is **ORDERED**, within two (2) weeks of this order to direct ANZ Bank to produce the documents sought by the USA by signing the letter attached as Exhibit D to the Motion.

2

**IT IS SO ORDERED.**

Dated: September 25, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge