TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                      CASE NO.  <u>3:18-cv-5931-JCS</u>

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

    Defendant moves this court for a protective order against further discovery, including the noticed deposition of the defendant Timberly E. Hughes, for the reasons herein.

    To date, the plaintiff's have proffered literally no evidence supporting any allegation in the complaint.  In October, the court ordered the plaintiff to prove that the defendant has assets that could be taken if the plaintiff were to prevail.  Even though this order demonstrates that this case is not about justice or penalizing people for failing to comply with any law, and that it is more about using this forum to take property, the plaintiff has failed or refused to comply even with this court order. How much money has this cost the United States so far?

    Even the 19 questions sought in depositions upon written questions from the two IRS agents received non-responses and a groundless argument that the responses did not need to be made under oath.  The responses were evasive and incomplete.

    The plaintiff is using this forum for what can only be considered as post judgment discovery, without ever having first proven a single allegation in the complaint, and without ever providing one word of material evidence.  Instead, the plaintiff has been expecting to rely upon the defendant alone to provide the information it may then use to prove its

- 1 -

allegations or sneak in a summary judgment without having to prove any thing and then attach assets it incorrectly believes that the defendant is hiding.

Plaintiff has had ample opportunity to obtain information by discovery that has already taken place. The United States is using discovery for the purpose of conducting an asset search so that no matter what happens in this case, that information can be given to the IRS for taking whatever the plaintiff was not able to take from this proceeding.

Seeking the deposition of the defendant after all of these months, after engaging in a myriad of third party subpoenas and other discovery measures, is not only redundant, but intended solely for delay, harassment and annoyance. There is nothing more that the defendant can provide to the plaintiff and the plaintiff has no way of justifying further discovery.

The complaint alleges "willfulness" but after a couple of years since this case was filed, the plaintiff is not one moment closer to proving any single criteria of what would constitute or be required to prove "willfulness".

## CERTIFICATION OF GOOD FAITH

The defendant hereby certifies that she has attempted to resolve these matters with the plaintiff over the last couple of weeks via email and telephone discussions, but to no avail.

WHEREFORE the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues, F.R.C.P. 26(b)(2)(C).

In light of this, defendant respectfully requests an order forbidding further discovery until the plaintiff can prove that its efforts are justified and that it has the right to pursue this claim.

DATED this _8th__ day of December 2020.

\_\_\_Timberly E. Hughes_____
Timberly E. Hughes, Defendant

TIMBERLY E. HUGHES,
Defendant *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
    PLAINTIFF

v.                                                     CASE NO.  3:18-cv-5931-JCS

TIMBERLY E. HUGHES
    DEFENDANTS
_____/

# CERTIFICATE OF SERVICE

I Timberly E. Hughes hereby certify that a true and correct copy of the foregoing was duly served upon the plaintiff's attorney of record, David L. Anderson and Nithya Senra, at the address of P. O. Box 683, Ben Franklin Station, Washington, DC  20044, via first class mail and online this _8th__ day of December 2020.

By: *Timberly E. Hughes*