RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

NITHYA SENRA (CABN 291803)
BORIS BOURGET (ORBN 172172)
Trial Attorneys, Tax Division
U. S. Department of Justice
    P.O. Box 683, Ben Franklin Station
    Washington, D.C. 20044
    Phone:    (202) 307-6570 (Senra)
                (202) 307-2182 (Bourget)
    Fax:      (202) 307-0054
    E-mail:   Nithya.Senra@usdoj.gov
              Boris.Bourget@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>     v.<br><br>TIMBERLY E. HUGHES,<br><br>      Defendant. | Case No. 3:18-cv-5931-JCS<br><br>RESPONSE IN OPPOSITION TO SECOND MOTION FOR PROTECTIVE ORDER |

       The United States of America hereby opposes defendant's second motion for protective order (filed at ECF No. 94). On Wednesday December 16, 2020, the United States commenced the deposition of Ms. Hughes via WebEx at about 9:05AM Eastern time. Ms. Hughes had poor bandwidth during the deposition and could not see counsel for the United States, and her video was not visible during the call. Nevertheless counsel for the United States proceeded with the questioning as the audio connection was functioning. Approximately one hour into the deposition, the parties took about a 5 minute break in the questioning. At this break, Ms. Hughes asked how long the questioning would last, stated she had child care concerns, and that it was approaching evening at her location (presumably in Italy) and she was concerned about the deposition interfering with the Hanukkah holiday.

Questioning resumed after the short break, at which point it continued for about one hour and 10 minutes, when a second break was convened at about 11:20AM Eastern time for 20 minutes, prior to the United States asking any questions relating to any exhibits. During this break, exhibits were shared with Ms. Hughes via box.com, a method which has been successfully used to transfer prior document productions, and Ms. Hughes was able to log in to box.com (and the undersigned counsel received email confirmation that she accessed the folder). However, when it was time to go back on the record, Ms. Hughes stated she could not download the files to her device, and that she was unable to view the video stream that contained a visual of the exhibits. She stated that she would need to use a separate laptop computer which she did not have access to for viewing the exhibits.

In the interest of accommodating Ms. Hughes' technical difficulties, the undersigned counsel proposed that we take a break in the deposition to be resumed on another day. The parties agreed that the deposition would resume on Monday December 21, 2020. Ms. Hughes requested that the deposition resume earlier in the day, and the parties agreed to resume the deposition on Monday December 21, 2020 via WebEx at 8AM Eastern time. The parties went back on the record at about 11:45AM and recited this stipulation into the transcript.

Contrary to the suggestion in the motion for protective order (Dkt. No. 94), no exhibits were actually introduced and no questions regarding exhibits have yet been asked at the deposition. The United States has only conducted about 2 hours and 10 minutes of questioning, and Fed. R. Civ. P. 30 provides the United States is permitted to continue the examination for up to 7 hours. As explained to Ms. Hughes on Wednesday, the undersigned counsel anticipates the remaining questioning to take less than 4 hours, making the total questioning last less than the 7 hour maximum.  Ms. Hughes previously agreed to have her laptop available on Monday December 21, 2020 with exhibits downloaded from the shared box.com folder in advance of the resumption in questioning. At the end of the conversation, the undersigned counsel wished Ms. Hughes a Happy Hanukkah, and Ms. Hughes again acknowledged that she would appear on Monday December 21st at 8AM Eastern for the continuation of the deposition. Ms. Hughes never once raised any objection to resuming questioning on Monday December 21, 2020 at

1   8AM, and based on her technical difficulties, this continuation was agreed to as an accommodation

2   given the circumstances.[1]

3       Ms. Hughes has cited no basis for why she can now obtain a protective order, given her

4   stipulation, pursuant to Fed. R. Civ. P. 30(d)(1), to break up the deposition over several days to resume

5   on Monday December 21st.  Fed. R. Civ. P. 30(d)(1) permits the parties to otherwise stipulate to

6   breaking up a deposition over multiple days. *See* Wright & Miller, § 2104.1Leave of Court—Deposition

7   Duration, 8A Fed. Prac. & Proc. Civ. § 2104.1 (3d ed.), fn. 6. *citing* Committee Note, 192 F.R.D. 340,

8   396 ("The limitation is phrased in terms of a single day on the assumption that ordinarily a single day

9   would be preferable to a deposition extending over multiple days; if alternative arrangements would

10  better suit the parties, they may agree to them.") Here it would not serve the ends of justice to use the

11  delay agreed to by the United States to accommodate Ms. Hughes' technical difficulties to enter a

12  protective order. It appears that Ms. Hughes is in fact attempting to impede her own deposition, which

13  may be subject to sanctions under Fed. R. Civ. P. 30(d)(2).

14      **<u>The United States seeks information well within the scope of Fed. R. Civ. P. 26(b)(1)</u>**

15      In her filing with the Court, Ms. Hughes contends the questioning has been unduly burdensome,

16  intended to harass, and/or improperly relating to collection. This is a case where defendant has

17  challenged her liability for a willful FBAR penalty. Courts that have considered whether the

18  accountholder's conduct was willful have applied a *de novo* standard of review. *See Bedrosian v. United

19  States*, No. 15-5853, 2017 WL 4946433, at *2 (E.D. Pa. Sept. 20, 2017).

20      To be clear, the United States lines' of questioning fall well within the scope Fed. R. Civ. P.

21  26(b)(1), primarily exploring background facts and information that are discussed in the memorandum

22  (Form 886-A) drafted by the IRS Revenue Agent (previously produced to Ms. Hughes at USA-208 to

23  USA-233). These lines of questioning are both relevant for the Court's *de novo* review, and also serve to

24  verify the accuracy of the memorandum (*e.g.* work history, educational background, questions relating

25

26  ───────────────────

27  [1] The United States has requested a rough transcript, and will submit a copy of the transcript as soon as it is available to undersigned counsel (expected Saturday December 19, 2020). Given the agreed upon December 21, 2020 resumption of deposition, the United States is filing this opposition now

28  without the transcript in the event the Court is able to consider this matter before December 21, 2020.

to acquiring the underlying business whose bank accounts were unreported– i.e. a vineyard in New Zealand, Takamatua Valley Vineyard ("TVV")). Questions regarding the financial relationship between Ms. Hughes, TVV and the foreign bank were asked. The only question to which Ms. Hughes objected, was when she was asked about how many acres of land encompass the vineyard. The memorandum lists 65 acres. She contended that this question was somehow related to collection. She raised no objection to privilege or form, and she ultimately responded.

Even if questions regarding TVV, the entity whose bank accounts went unreported, are in some way related to collection, it is clear that the Federal Debt Collection Procedure Act, 28 U.S.C. § 3015, authorizes the United States to conduct discovery into Ms. Hughes' financial condition because this action is a claim for a debt, and there is a reasonable likelihood the debt exceeds $50,000. The United States seeks to collect $678,899 in unpaid assessed FBAR penalties, along with accrued interest and late payment fees that make the total debt exceed $800,000.

To the extent that Ms. Hughes is attempting to pre-empt questions relating to exhibits, most of the documents the United States intends to use as exhibits originate from her productions to the United States, were previously produced by her during the IRS audit examination, were obtained from ANZ Bank by virtue of the joint letter issued to the bank in this case, or are blank copies of forms like the FBAR and Schedule B. It is unclear how asking questions of the defendant about her own background, or relating to documents that either she produced or were produced by her bank relating to the unreported accounts, is in any way harassing or unduly burdensome. Ms. Hughes is not required to expend any resources, or spend any money to attend her deposition, while the United States' claim exceeds $800,000. Thus her arguments relating to proportionality also ring hollow. This litigation seeks to determine her own willfulness in failing to file FBARs, and the lines of questioning clearly relate to the claims at issue, as they explore her background, seek information regarding her relationship with ANZ Bank and her use of unreported financial accounts. This all falls well within the scope of what is germane to a case seeking to litigate willfulness with regard to FBAR penalties for unreported foreign accounts. Defendant's request for a protective order is entirely unsupported and should be denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREFORE**, the United States requests that this Court deny Plaintiff's second motion for protective order, as she has already stipulated to the break in the deposition and resuming on Monday December 21, 2020 at 8AM Eastern.

DATED this 18th day of December, 2020.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Nithya Senra*
NITHYA SENRA
BORIS BOURGET
Trial Attorneys, Tax Division
U.S. Department of Justice

*Attorneys for the United States of America*

1

## <u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that on this 18th day of December, 2020, I electronically filed the foregoing document

3   with the Clerk of Court using the CM/ECF system, which has served the following CM/ECF

4   participants:

5   Timberly E. Hughes, thughes@sprynet.com, Defendant, *pro se*.

6

7                            */s/ Nithya Senra*
                               NITHYA SENRA

8                               Trial Attorney, Tax Division
                               U.S. Department of Justice

9   .

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28