UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMBERLY E. HUGHES,<br><br>Defendants. | Case No. 18-cv-05931-JCS<br><br>**ORDER DENYING THIRD MOTION FOR A PROTECTIVE ORDER AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 100, 105 |

## I.  INTRODUCTION

Defendant Timberly Hughes, pro se, has filed a third motion for a protective order.  Once again, she seeks to prevent the continuation of her deposition, and, in addition, seeks an "order forbidding further discovery until the plaintiff can prove that its efforts are justified and that it has the right to pursue this claim."  Dkt. 100 at 3.  That motion is DENIED, as is Defendant's motion to strike.  Defendant is ORDERED to sit for her deposition immediately, and in any event within the next ten days, i.e., no later than January 29, 2021.  The Court will not entertain any more motions seeking to prevent or delay this continued deposition.

## II.  BACKGROUND

After some delays, Defendant's deposition began, but was not completed, on December 16, 2020.  Dkt. 97-1.  The parties agreed that, due to some technical difficulties, the deposition would be adjourned and would continue on December 21.  *Id.* at 63–64.

Despite this agreement, Defendant filed a motion for a protective order two days later on December 18, 2020, seeking to prevent "further discovery, including the noticed deposition of defendant."  Dkt. 94 at 1.  In that previous motion, Defendant argued, inter alia, that her deposition should not occur because: (1) there was not evidence to support the claims made in the complaint; (2) Plaintiff had ample opportunity to obtain information by the discovery that had already taken

1   place; and (3) Plaintiff was seeking information not relevant to the allegations in the complaint,
2   including improper post judgment discovery. *Id.* at 2.

3   On December 21, Defendant refused to sit for the continuation of her deposition, claiming
4   that she did not have to sit for a deposition while her motion was pending. Dkt. 100-1 at 2. That
5   same day, the Court denied the December 18, 2020 motion, and ordered Defendant to sit for the
6   continuation of her deposition immediately. Docket No. 99. Defendant did not obey this order.
7   Rather, she filed the instant motion three days later.

8   In her current motion, Defendant reiterates the same arguments made in the
9   previous motion, and also argues that the Court's December 21, 2020 order was based on false
10  statements made by Plaintiff. In particular, she pointed out that: (1) the December 16 session of
11  Defendant's deposition lasted several hours, and, in Defendant's view, had to be continued
12  because of the technical difficulties on Plaintiff's end, concern about Defendant's childcare, and
13  not because of any holiday party; and (2) Defendant had not had a chance to review the rough
14  draft deposition transcript submitted by Plaintiff, which prejudiced Defendant.

15  **III.   ANALYSIS**

16  Defendant, having failed to stop discovery and the continuation of her deposition by the
17  previous motion, has tried again by filing the instant motion. This is a motion to reconsider the
18  Court's previous ruling. Under Local Rule 7-9(a), no party may file a motion to reconsider
19  without first obtaining leave of court. The reason for such a rule is obvious: it prevents parties
20  from doing exactly what Defendant is doing here. Defendant sought to prevent her deposition by
21  moving for a protective order. When this effort failed, and Defendant was ordered to sit for her
22  deposition immediately, Defendant did not do so. Rather, she filed another motion. Accordingly,
23  the motion is denied as filed in violation of the Court's local rule cited above.

24  Moreover, even if Defendant had sought leave to file a motion to reconsider based on the
25  alleged misrepresentations, the Court would not have granted such leave. The first
26  "misrepresentation" —who was responsible for the technical difficulties, and whether Defendant
27  was concerned with holiday plans (or, rather, her childcare situation) and was willing to
28  continue—is not a sufficient reason to reconsider the Court's order. Regardless of who had the

technical difficulty, and regardless of the motivations involve in the continuation, the deposition was not finished.  Moreover, the parties agreed to continue the deposition.

The second "misrepresentation" cited by Defendant is the attachment of an unreviewed rough draft of the first session of the deposition.  This is neither a misrepresentation, nor was it prejudicial to Defendant.  The Court was aware that the transcript presented was an unreviewed transcript, presented to the Court just three days after the deposition.  The need to file the unreviewed transcript was caused by Defendant's previous motion.  Moreover, the Court understood that Defendant might, at the appropriate time, object that there were errors in the transcription.  Accordingly, the Court only reviewed the transcript to determine whether the general scope of the questions presented by Plaintiff was appropriate.  The Court determined that it was.  Defendant—who violated her own agreement by seeking to prevent the continuation of the deposition that she had agreed to—was not prejudiced by the Court's review of the deposition transcript, and regardless, has not identified any material transcription errors.

For the same reasons, Defendant's motion to strike the unreviewed transcript (dkt. 105) is DENIED.  That motion also seeks to strike allegations of fraud, but neither identifies any such allegations nor includes meaningful, non-conclusory argument as to why an order striking such allegations would be necessary and appropriate.

The Court notes for the benefit of Defendant two points:  First, discovery must only be relevant to the claims or defenses in the case, and proportional to the needs of the case.  In general, no party has to show proof that its claims are true in order to get discovery—as long as they are legally sufficient plausible claims.  Defendant's repeated assertions that there is no evidence of willfulness and that no discovery ought to be allowed until Plaintiff comes up with some are not well taken.  Second, when the Court orders Defendant to do something, the Court expects Defendant to comply with that order, even if Defendant has filed another motion seeking to avoid the order's requirements.  The mere pendency of a motion for a protective order does not excuse a party from complying with a court order.  A party must follow a court order unless that performance is actually excused by the Court.  The Court required Defendant to sit for a deposition immediately.  She did not do so.  That violated the Court's order.

3

## IV. CONCLUSION

Defendant's third motion for a protective order (dkt. 100) and motion to strike (dkt. 105) are DENIED. Defendant is ordered to sit for the remainder of her deposition immediately, and in any event no later than January 29, 2021. Defendant my not file any further motions seeking to prevent or delay her deposition.

**IT IS SO ORDERED.**

Dated: January 19, 2021

JOSEPH C. SPERO
Chief Magistrate Judge