UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>TIMBERLY E. HUGHES,<br><br>   Defendants. | Case No. 18-cv-05931-JCS<br><br>**ORDER DENYING MOTION TO COMPEL AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 104, 116 |

## I.  INTRODUCTION

Defendant Timberly Hughes, pro se, moves to compel Plaintiff the United States to produce an unredacted copy of a document that the United States redacted based on the deliberative process privilege and attorney-client privilege. Hughes also moves to strike certain statements in the United States' case management statement and in its portion of a joint discovery letter brief. For the reasons discussed below, both motions are DENIED.[1]

## II.  MOTION TO COMPEL

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Parties may withhold discovery based on a claim of privilege. *See* Fed. R. Civ. P. 26(b)(5). The current dispute turns largely on the deliberative process privilege, which allows

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

government agencies to shield their internal deliberations from disclosure:

> To protect agencies from being "forced to operate in a fishbowl," the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." The privilege is rooted in "the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." To encourage candor, which improves agency decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure.

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, __ (2021) (citations omitted without ellipses). The privilege "covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated'"—in other words, "documents that are both 'predecisional' and part of the agency's 'deliberative process,'[—]and applies only if 'disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" *Kowack v. U.S. Forest Serv.*, 766 F.3d 1130, 1135 (9th Cir. 2014) (citations omitted; final alteration in original).

During discovery, the United States produced a page from an IRS Form 9984 with nearly all remarks and notes redacted, bearing Bates number USA000241. *See* Mot. to Compel (dkt. 104) Ex. A. Hughes "requests an order compelling the [United States] to produce the un-redacted Page 241," or an order for in camera review so that the Court can determine whether any privilege applies. Mot. to Compel at 3. After the parties met and conferred regarding Hughes's objection to the United States' redactions, the United States produced a revised version with fewer redactions, bearing Bates number USA000861. Opp'n (dkt. 109) Ex. 4. Despite the United States addressing that revised version and attaching it as an exhibit to its opposition brief, Hughes does not address the revised version in her reply, and instead attaches the original more-fully-redacted version again to that brief. *See* Reply (dkt. 110) at 3 & Ex. A.

The United States argues that all of the notes redacted from the revised version of the document at issue (Page 861) fall within the deliberative process privilege because they reflect

internal discussions regarding Hughes's tax liability before the Internal Revenue Service ("IRS") reached a decision as to whether to assess penalties against Hughes. Opp'n at 6. IRS Deputy Associate Chief Counsel Ashton Trice describes the document as follows:

> The general nature of this document is that it is one page of the case activity record for this FBAR case, where notes were entered reflecting the personal opinions of the assigned Revenue Agent or activities planned or taken from which those opinions could be deduced. The notes relate to case activity taken by the assigned Revenue Agent, including communications with attorney(s) from IRS Office of Chief Counsel and with managers and coordinators. Notes regarding communications with attorney(s) from the IRS Office of Chief Counsel are protected by the attorney-client privilege as they were for the purpose of seeking legal advice regarding the FBAR examination, and also the deliberative process privilege, as they reflect pre-decisional communications regarding the FBAR examination at issue. Notes regarding communications with IRS managers and coordinators are protected by the deliberative process privilege because they reflect pre-decisional communications regarding the FBAR examination at issue here. Final agency decisions are reflected in the Form 886-A which defendant was provided prior to the FBAR assessments being made, and copies of which were produced in the United States' Initial Disclosures.

Trice Decl. (dkt. 109-7) ¶ 12.

Hughes does not dispute that the redacted material reflects a revenue agent's predecisional discussion with other IRS personnel, but argues that the document should be produced unredacted because those discussions likely reflect the revenue agent's view that Hughes did not willfully failure to report information, before the IRS changed its position and assessed penalties based on her purportedly willful failure to report. Mot. to Compel at 3; Reply at 3.

Even assuming for the sake of argument that Hughes's speculation about the redacted material is correct, it falls squarely within the deliberative process privilege. The privilege is intended to allow government personnel to consider the merits of a potential decision—here, the decision of whether to assess penalties against Hughes—without the potential disclosure of those discussions chilling a frank exchange of views. A revenue agent would be less likely to question the strength of a case in internal deliberations if any such doubts could later be obtained in discovery and used to undermine a final decision. The deliberative process privilege ensures that a revenue agent can candidly share such concerns with other IRS personnel to test the strengths and weaknesses of a case before a final decision is reached. Here, after whatever discussions are

3

1  reflected in the redacted portion of the page at issue, the IRS ultimately reached a final decision to
2  assess penalties against Hughes.
3        Hughes's briefs do not engage with the requirements of the deliberative process privilege
4  and offer no reason to believe the privilege would not apply.  The Court therefore finds no need
5  for in camera review, and DENIES the motion to compel based on the deliberative process
6  privilege.  Because the deliberative process privilege provides reason enough to deny the motion,
7  the Court does not reach the parties' arguments regarding relevance and the attorney-client
8  privilege.
9        Hughes suggests in her briefs that she believes the Court communicated about this issue
10 with the United States without her knowledge, that the Court is biased against her, and that the
11 United States is seeking to "evade its burden of proof."  *See* Mot. to Compel at 1, 3; Reply at 2–3.
12 None of these assertions are accurate, and none are relevant to application of the deliberative
13 process privilege to the document at issue.  Hughes takes issue with counsel for the United States
14 having told her that the Court would not allow her to obtain certain materials in discovery.  Mot.
15 to Compel at 1.  The Court has not communicated about this case in any way with counsel except
16 in open court with Hughes present, and can only presume counsel was expressing an opinion on
17 the likely outcome based on counsel's understanding of the law.  The Court has no bias against
18 Hughes.  While Hughes takes issue with the Court denying her previous "motion for a fair and
19 impartial hearing," that decision was based on Hughes failing to articulate any particular relief she
20 sought or legal authority to bring such a motion.  The Court affirmed that it would "resolve any
21 decisions before it based on the law, the evidence presented, and the parties' arguments," and
22 denied Hughes's motion only to the extent that it could be construed as seeking some relief
23 beyond that duty, such as recusal or "refrain[ing] from discussing the merits of the case with the
24 parties in open court." Order re Objection (dkt. 53) at 2; *see generally* Order Denying Def.'s Mot.
25 for Fair & Impartial Hearing (dkt. 47).  The Court has not made a ruling on the merits of this case,
26 and would not make such a ruling without giving each side a fair chance to present its case in
27 accordance with the Federal Rules of Civil Procedure and applicable law.  Finally, Hughes's
28 arguments reflect a fundamental misunderstanding of the "burden of proof" in a civil case.  As the

plaintiff, the United States has the burden *at trial* (or summary judgment) to support its claims with evidence. That burden makes no distinction between evidence obtained through discovery or through other means, and does not require the United States to support its claims with evidence *before* it may obtain discovery from Hughes. Discovery from an opponent is one of the permissible means by which a plaintiff may obtain evidence that might (or might not) be sufficient to carry its burden of proof at trial. Regardless, the fact that the burden of proof rests on the United States has no bearing on its ability to assert the deliberative process privilege where appropriate.

At the conclusion of her motion and reply, Hughes also requests that duplicate pages included in the United States' production of documents "be stricken as being impertinent and immaterial and redundant." Mot. to Compel at 4; Reply at 4. Hughes cites no legal authority for "striking" documents produced in discovery, identifies no prejudice she has suffered by the production of duplicative material, and has not explained what would be gained by ordering these documents "stricken" after they have already been produced to her. That request is therefore DENIED.

### III.    MOTION TO STRIKE

Hughes has also filed a motion to strike portions of the United States' case management statement and a joint discovery letter brief, citing Rule 12(f) of the Federal Rules of Civil Procedure. As a starting point, Rule 12(f) is inapplicable: it applies only to striking material "from a pleading," Fed. R. Civ. P. 12(f), and the filings at issue are not "pleadings" as that term is used in the Federal Rules, *see* Fed. R. Civ. P. 7(a) (defining the "pleadings" allowed).

Regardless, Hughes has identified no basis to strike the material at issue. She argues that the United States has "included prejudicial comments to give the appearance that [Hughes] was lying in her discovery responses." Mot. to Strike (dkt. 116) at 1. The Court does not understand the United States' filings as accusing Hughes of dishonesty in her discovery responses. Even if they had, the mere fact that one side says that something is or may be true does not automatically result in the Court believing that position. The Court weighs the evidence. If the Court finds that the position has no merit, the Court rejects the argument. A motion to strike is not necessary—

5

especially here, where Hughes has already made her position clear: she does not have the documents in question because she changed computers. The Court's ruling on the discovery dispute—requiring Hughes to answer an interrogatory and explain what steps she took to search for certain documents, *see* dkt. 117—is not based on a conclusion that Hughes was dishonest, nor on any bias against Hughes.

The motion to strike is therefore DENIED.

## IV. CONCLUSION

For the reasons discussed above, Hughes's motion to compel and motion to strike are DENIED.

Hughes is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as she continues to defend this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. In-person appointments are not currently available due to the COVID-19 public health emergency, but Hughes may contact the Help Desk at 415-782-8982 or FedPro@sfbar.org to schedule a telephonic appointment

**IT IS SO ORDERED.**

Dated: March 22, 2021

JOSEPH C. SPERO
Chief Magistrate Judge