DAVID A. HUBBERT
Acting Assistant Attorney General

NITHYA SENRA (CABN 291803)
BORIS BOURGET (ORBN 172172)
Trial Attorneys, Tax Division
U. S. Department of Justice
   P.O. Box 683, Ben Franklin Station
   Washington, D.C. 20044
   Phone:  (202) 307-6570 (Senra)
             (202) 307-2182 (Bourget)
   Fax:    (202) 307-0054
   E-mail:  Nithya.Senra@usdoj.gov
             Boris.Bourget@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TIMBERLY E. HUGHES,<br><br>    Defendant. | Case No. 3:18-cv-5931-JCS<br><br>UNITED STATES' TRIAL BRIEF |

     The United States of America hereby submits the following trial brief in advance of the bench trial scheduled in this case. The stipulated facts are contained in the United States' proposed pretrial order, and the proposed findings of fact and conclusions of law are submitted in a separate filing. The United States includes the following trial brief to discuss the applicable law in determining whether the defendant's conduct was willful in failing to report her interest in foreign bank accounts.

     At the Case Management Conference on March 26, 2021, the Court requested that the parties address the abuse of discretion review of the penalty amount determination in post-trial briefing (and ordered that it would not permit the United States to file a motion for summary judgment on this issue, ECF No. 119). As a result, this trial brief focuses the Court's attention on the legal standard applicable in determining willfulness in the FBAR civil penalty context, which includes reckless disregard, and the standard is an objective one.

### A. Standard of Review in FBAR cases

A district court determines *de novo* whether a defendant is liable for the penalty arising from a taxpayer's failure to meet the reporting requirements applicable to foreign accounts. As such, this Court should render its liability determination based on the merits of the evidence presented in this action. *United States v. Williams*, 2010 WL 3473311, at *1 (E.D. Va. Sept. 1, 2010), *rev'd on other grounds*, 489 Fed. Appx 655 (4th Cir. 2012); *United States v. McBride*, 908 F. Supp. 2d 1186, 1201 (D. Utah 2012); *Bedrosian v. United States*, No. 15-5853, 2017 WL 4946433, at *2 (E.D. Pa. Sept. 20, 2017).

Because the pertinent statute gives the Secretary of the Treasury discretion as to the amount of the penalty, this Court should review the assessment to determine whether the penalty's size is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.§ 706(2)(A); s*ee also United States v. Williams (Williams III)*, No. 1:09-cv-437, 2014 WL 3746497, at *1 (E.D. Va. June 26, 2014). Given the Court's prior instruction at the case management conference, the United States will file a post-trial brief regarding the application of this abuse of discretion standard.

### B. The Foreign Bank Account Reporting Requirement

The Currency and Foreign Transactions Reporting Act, also known as the Bank Secrecy Act (BSA), 31 U.S.C. § 5311-25, was enacted in 1970. Pub. L. 91-508, 84 Stat. 1114. The BSA, among other things, imposed on U.S. persons a number of reporting requirements intended to have "a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings." 31 U.S.C. § 5311*; see also California Bankers Ass'n v. Shultz*, 416 U.S. 21, 26 (1974). The BSA, as relevant here, requires U.S. citizens to report to the Secretary of the Treasury any relationships they have with foreign financial accounts with balances more than $10,000. 31 U.S.C. § 5314; 31 C.F.R. §§ 1010.306 and 1010.350. Covered relationships include "having a financial interest in[] or signature authority over" a foreign bank account. 31 C.F.R. § 1010.350. Financial interest includes accounts for corporations where the U.S. person holds more than 50 percent of the voting power or the total value of the shares. 31 C.F.R. 1010.350(e)(2)(ii).[1]

---

[1] The Treasury Department promulgated regulations in 2011 that adopted language nearly identical to the 2009 FBAR instructions to define "financial interest." *See* 31 C.F.R. § 1010.350 (e). The term had not been defined in Treasury Department regulations before 2011. *See* 31 C.F.R. § 103.24(a)

For the years relevant to this action, the relationships must be disclosed on Treasury Department Form 90-22.1. 31 C.F.R. § 1010.350(a). This form is commonly called an FBAR. An FBAR is an information report--no tax is due with its filing--that (for the relevant calendar years) must be filed no later than June 30 of the year following the calendar year during which the account was held. 31 C.F.R. § 1010.306(d); *United States v. Williams*, 489 Fed. Appx. 655 (4th Cir. 2012).

The FBAR is an additional requirement beyond the requirement that United States persons report whether they own foreign accounts and any income earned from such accounts on Schedule B of their federal income tax returns. *See* 26 U.S.C. § 61(a); 26 C.F.R. § 1.1-1(b). The United States brought this timely action because Defendant willfully failed to timely report her interest in and/or signature authority over foreign accounts for the 2010, 2011, 2012 and 2013 calendar years.

### C. The FBAR Civil Penalty for Willful Failure to Report Foreign Bank Accounts

The IRS is authorized to assess a civil penalty (FBAR penalty) against individuals who violate the FBAR reporting requirements. *See* 31 U.S.C. §§ 5314 and 5321. The penalty comes in two varieties. A penalty for non-willful failure to report a foreign account cannot exceed $10,000 per violation. 31 U.S.C. § 5321(a)(5)(B). In cases that are willful, however, the amount of the penalty can be the greater $100,000 or 50% of the balance in the account at the time of the violation for each failure to report. 31 U.S.C. § 5321(a)(5)(C)-(D). There is no reasonable cause exception for a willful violation. 31 U.S.C. § 5321(a)(5)(C)(ii).

A person is subject to the willful failure to file an FBAR penalty under § 5321(a)(5) if the following four elements are met: 1. The person is a United States person; 2. The person had an interest in or authority over a foreign financial account; 3. The financial account had a balance that exceeded $10,000 at some point during the reporting period; and 4. The person willfully failed to disclose the account and file an FBAR form for the account. *See United States v. Pomerantz*, No. C16-689, 2017 WL 4418572, at *2-3 (W.D. Wash. Oct. 5, 2017); *United States v. Toth*, 2017 WL 1703936, at *4 (D. Mass. May 2, 2017); *McBride*, 908 F. Supp. 2d at 1201; *Bedrosian*, 2017 WL 1361535, at *3.

---

(2001).

UNITED STATES' TRIAL BRIEF
CASE NO. 3:18-CV-5931-JCS                3

Here, Defendant has repeatedly stated that she does not dispute her status as a U.S. Person, nor that she had an interest in or signature authority over the undisclosed foreign accounts, nor that the aggregate value of the foreign accounts was $10,000 or more during each of the years at issue. Thus, the only factual issue for trial is whether her conduct was willful, such that the maximum penalty amount assessable is controlled by 31 U.S.C. § 5321(a)(5)(C).

The Court's review of the penalty amount is under the abuse-of-discretion standard and is a legal issue (not factual). Based on the Case Management Conference (ECF No. 119, regarding summary judgment not being permitted on this issue), the United States understands that if Ms. Hughes continues to contest the penalty amount, the parties will address this legal issue in post-trial briefing.

### D. **Applicable Legal Standard for Willfulness**

#### 1. Reckless failures to report constitute "willful" violations

The BSA imposes higher penalties for "willful" violations of the FBAR reporting requirement. 31 U.S.C. § 5321(a). In the civil context, willfulness covers "not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007); *see also, e.g.*, *United States v. Ill. Cent. R. Co.*, 303 U.S. 239, 242-43 (1938) (holding, in civil penalty context, that willfulness includes "careless disregard whether or not one has the right so to act"). Recklessness is an objective standard, "entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should have been known.'" *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). As the Fourth Circuit discussed in *United States v. Horowitz*, "civil recklessness contrasts with criminal recklessness and willful blindness, as both of those concepts incorporate a subjective standard." 978 F.3d 80, 89 (4th Cir. 2020); *see also Farmer*, 511 U.S. at 836–37 (recognizing that the criminal law 'generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware'); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (explaining that willful blindness requires a subjective belief that 'there is a high probability that a fact exists' and 'deliberate actions to avoid learning of that fact').''

Recklessness and, thus, willfulness is established if the defendant "(1) clearly ought to have known that (2) there was a grave risk that the filing requirement was not being met and (3) [s]he was in

a position to find out for certain very easily." *Bedrosian v. United States*, 912 F.3d 144, 153 (2018) (cleaned up); *see also United States v. Horowitz*, 978 F.3d 80, 89 (4th Cir. 2020) (adopting the *Bedrosian* standard), *Norman v. United States*, 942 F.3d 1111, 1115 (same).

The Ninth Circuit Court of Appeals has not yet addressed the specific standard for willfulness in FBAR cases. However, several district courts within the Circuit have adopted the *Bedrosian* standard. *See, e.g.*, *United States v. Zimmerman*, 2020 WL 6065333, *4 (C.D. Cal. Sept. 16, 2020); *United States v. Bohanec*, 263 F. Supp. 3d 881, 889 (C.D. Cal. 2016); *Jones v. United States*, 2020 WL 2803353, *6 (C.D. Cal. May 11, 2020), *United States v. Katwyk*, 2017 WL 6021420, at *4 (C.D. Cal. Oct. 23, 2017). Moreover, the Ninth Circuit has found reckless conduct to constitute "willful" violations in analogous contexts. For example, under 26 U.S.C. § 6672, employers are penalized for willful failures to pay over employee income withholdings to the IRS. In this context "'reckless disregard' of whether taxes are being paid over, as distinguished from actual knowledge of whether they are being paid over, may suffice to establish willfulness." *Phillips v. United States Internal Rev. Serv.*, 73 F.3d 939, 942 (9th Cir. 1996).

Thus, this Court should adopt the well-established standard articulated by other Circuits and adopted by sister courts within the Ninth Circuit and find that a willful failure to file timely FBARs includes instances where a defendant has acted recklessly.

### 2. Proof of subjective bad intent is not required to find a "willful" violation; circumstances indicating willfulness and/or reckless disregard are sufficient.

FBAR cases must be considered under an objective standard. Lack of knowledge of the FBAR filing requirement is not a defense where a defendant refuses to learn truths that ought to be obvious. "An improper motive or bad purpose is not necessary to establish willfulness in the civil context." *McBride*, 908 F.Supp.2d at 1204 (internal citations omitted). Moreover, direct evidence of intent is not required to establish a violation was willful—persons who fail to report foreign bank accounts on an FBAR are not likely to admit they knew of the reporting requirement and chose not to comply with it. *Id*. at 1205.

Willfulness can be shown through circumstantial evidence and reasonable inferences drawn from the facts before the court. *Id*. Similarly, a "subjective good faith belief that one's conduct is lawful" does not preclude imposing a penalty. *Lefcourt v. United States*, 125 F.3d 79, 82 (2d Cir. 1997); *United States v. Bernstein*, 2020 WL 5517315, at *7 (E.D.N.Y. Sept. 14, 2020) (applying *Lefcourt* in the FBAR context: "Once it is determined that the definition of willfulness to be applied in a civil tax penalty case is that described in *Bedrosian* and *Lefcourt*, its application here is self-evident."); *see also Bedrosian*, 912 F.3d at 153. And, as is the case in many other contexts, "[a] taxpayer who signs a tax return will not be heard to claim innocence for not having actually read the return, as he or she is charged with constructive knowledge of its contents." *Williams*, 489 F. App'x at 659 (quoting *Greer v. Commissioner*, 595 F.3d 338, 347 n.4 (6th Cir. 2010), and citing *United States v. Doherty*, 233 F.3d 1275, 1282 n.10 (11th Cir. 2000)).

Where a defendant refuses to learn truths that ought to be obvious, courts have imposed liability for willful conduct under Section 5321(a)(5)(C). In *United States v. Ott*, the court held that the defendant's "failure to review his tax returns, his decision not to ask his tax preparer about foreign account reporting obligations, his decision to send his mail to a Canadian address, and his knowledge of almost—or more than—a million dollars in account balances for the years in question all indicate that the Defendant acted with reckless disregard to his reporting requirements." 441 F.Supp.3d 521, 532 (E.D. Mich. 2020).

In *United States v. Horowitz*, 361 F. Supp. 3d 511 (D. Md. 2019), the defendants testified that, based on conversations with friends, they did not believe they had to pay taxes on money earned overseas. *Id.* at 525. In that case, the defendants had lived overseas in Saudi Arabia and opened Swiss accounts. They argued that willful FBAR penalties were unwarranted because their "accountants neither asked about overseas bank accounts nor explained the FBAR or the question about foreign accounts on Form 1040 Schedule B, which they completed on the Horowitzes' behalf." *Id.* The court still held that the Horowitzes were liable for the willful FBAR penalty because willfulness could be inferred based on their blind reliance on their friends' advice and failure to consult with their accountants. *Id.*

In *United States v. DeMauro*, 483 F. Supp. 3d 68, 71 (D.N.H. 2020), the court found that the

defendant acted "recklessly, and thus 'willfully,' by failing to seek professional tax advice on foreign accounts she knew were earning income, even though she had consistently relied on professionals in the past and also had paid taxes on real property gained through her divorce. Even if DeMauro did not consciously avoid learning about the FBAR reporting requirement, she at the very least should have surmised that there was a grave risk she was not meeting her tax-filing obligations. Her conduct therefore constitutes a willful civil violation." *Id.*

In *United States v. Rum*, 2019 WL 3943250, at *8 (M.D. Fl Aug. 2, 2019) , the district court granted summary judgment where "[a] taxpayer's failure to review their tax returns for accuracy despite repeatedly signing them, along with 'falsely representing under penalty of perjury' that they do not have a foreign bank account (by answering 'no' to question 7(a) on Line 7a of Schedule B of a 1040 tax return) in and of itself supports a finding of 'reckless disregard' to report under the FBAR."

In *United States v. Pomerantz*, the district court recognized that "knowledge of a duty to report may be actual or constructive," while suggesting that if the government alleged that Pomerantz filed his tax returns under penalty of perjury then Schedule B would have put Pomerantz under inquiry notice of his duty to file an FBAR. *See United States v. Pomerantz*, 2017 WL 2483213, at *6 (W.D. Wash. June 8, 2017). In a later decision in the same case, the district court denied Pomerantz's motion to dismiss and approvingly cites *United States v. McBride* and *Williams* for the proposition that signing tax returns under penalty of perjury puts the taxpayer on inquiry notice of the need to file an FBAR such that a willfulness penalty is appropriate. *See United States v. Pomerantz*, 2017 WL 4418572, at *3 (W.D. Wash. Oct. 5, 2017).

In short, the appropriate standard for "willfulness" under Section 5321 is an objective one that encapsulates reckless failures to file timely FBARs. The evidence will show that Ms. Hughes is liable for willful FBAR penalties under this standard, and that this case carries many of the hallmarks of the cases cited above. Ms. Hughes had actual knowledge of the existence of her offshore accounts, actual knowledge that the account balances exceeded $10,000, and actual knowledge that she earned interest income from her ANZ Bank accounts during each of the years 2010, 2011, 2012, 2013. Thus, she had sufficient knowledge to truthfully answer the questions on Schedule B to Form 1040 that would direct

her to the FBAR filing requirements.

The evidence will show that Ms. Hughes had a highly lucrative bookkeeping business where she managed bookkeeping for a trust with over a billion dollars of net worth, and she regularly consulted with tax attorneys and CPAs to keep her updated on what clients would need to provide for tax return preparation. Ms. Hughes would assist others with preparing income tax returns, including friends and family. She was tasked with keeping track of 97 partnerships and numerous brokerage accounts, and her job was to ensure that details such as bills were paid and forms were collected. Ms. Hughes prepared her own tax returns for each of these years using TurboTax software.

The evidence will show that had Ms. Hughes truthfully answered the prompts presented in TurboTax, she would have viewed clear and unambiguous warnings and notifications to report her foreign bank accounts on an FBAR and received instructions on how to file an FBAR. Indeed, on at least one occasion where she did answer truthfully, she must have received the warnings and disregarded them. Similar to the defendants in *Horowitz, Ott, Rum* and *DeMauro*, had Ms. Hughes regularly responded truthfully when using the TurboTax software, or otherwise reviewed Schedule B to Form 1040 (containing the same information), she would have surmised that she was at grave risk of not meeting her reporting obligations. As a result, under the applicable standard, Ms. Hughes is liable for the penalties assessed against her.

**WHEREFORE**, the United States requests that this Court find in favor of the United States and against Defendant Timberly Hughes and find Ms. Hughes liable for willful FBAR penalties for the years 2010, 2011, 2012 and 2013.

DATED this 20th day of April, 2021.

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Nithya Senra*
NITHYA SENRA
BORIS BOURGET
Trial Attorneys, Tax Division
U.S. Department of Justice
*Attorneys for the United States of America*

UNITED STATES' TRIAL BRIEF
CASE NO. 3:18-CV-5931-JCS            8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April, 2021, I electronically filed the foregoing Trial Brief, with the Clerk of Court using the CM/ECF system, which has served the following CM/ECF participants: Timberly E. Hughes, thughes@sprynet.com, Defendant, *pro se*.

>   */s/ Nithya Senra*
>   NITHYA SENRA
>   Trial Attorney, Tax Division
>   U.S. Department of Justice

.

CASE NO. 3:18-CV-5931-JCS