DAVID A. HUBBERT
Acting Assistant Attorney General

NITHYA SENRA (CABN 291803)
BORIS BOURGET (ORBN 172172)
Trial Attorneys, Tax Division
U. S. Department of Justice
    P.O. Box 683, Ben Franklin Station
    Washington, D.C. 20044
    Phone:    (202) 307-6570 (Senra)
                (202) 307-2182 (Bourget)
    Fax:      (202) 307-0054
    E-mail:   Nithya.Senra@usdoj.gov
              Boris.Bourget@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TIMBERLY E. HUGHES,<br><br>    Defendant. | Case No. 3:18-cv-5931-JCS<br><br>UNITED STATES' MOTION IN LIMINE NO. 1 TO ADMIT TURBOTAX SOFTWARE |

The United States moves for the admission of four copies of Turbo Tax developed for the 2010, 2011, 2012, and 2013 tax years ("Software"). The Software is self-authenticating and admissible. Admitting the Software before trial ensures there will be no need for live testimony from an Intuit representative on the facts establishes by Intuit's business records declaration. *See generally* Ex. A, Declaration of Lisa Skelly ("Skelly Decl.").

A. The Software is self-authenticating under Fed. R. Evid. 902(11)

Evidence is self-authenticating under 902(11) as a certified domestic record of a regularly conducted activity if a "certification of the custodian or other qualified person" establishes that the record "meets the requirements of Rule 803(6)(A)-(C)." Fed. R. Evid. 902(11). The Software was provided to the United States by its developer, Intuit, Inc., in response to a subpoena issued under Fed. R. Civ. P. 45.

The Software is certified as authentic by the declaration of Lisa Skelly, a Principal Tax Content Analysis for TurboTax. Ex. A. Ms. Skelly declared that the Software constitutes four authentic copies of the commercially available versions of TurboTax Premier for the 2010 through 2013 tax years. Skelly Decl. ¶¶ 7-8. Ms. Skelly confirmed that all prompts related to the reporting for foreign financial accounts "were identical in all versions of TurboTax" for each of the 2010 through 2013 tax years. *Id.* at ¶¶ 3-6. Intuit made and stored the Software "at or near the time of creation of the product by someone with knowledge of the existence of the program." *Id.* at ¶ 8; *see also* Fed. R. Evid. 803(6)(A). Moreover, the software was kept as a regularly conducted activity of Intuit. Skelly Decl. ¶ 8; *see also* Fed. R. Evid. 803(6)(B), 803(6)(C).

B. Any statements or instructions contained or provided by the Software are not hearsay

A statement is hearsay if it is a "statement" that "the declarant does not make while testifying at the current trial or hearing" and is offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The Ninth Circuit has held that "non-factual orders, directives, or warnings" are generally not considered hearsay. *United States v. Garcia-Villanueva*, 855 F.2d 863, at *1. In *Garcia-Villanueva*, the declarant-defendant, charged with harboring undocumented aliens, sought to admit her warnings to her son regarding the dangers of illegal smuggling. While the facts are markedly different from those here, the Court's conclusion is instructive: "One . . . category of non-hearsay utterances involves verbal conduct offered to show state of mind *or effect on state of mind where that effect is relevant*." *Id.* (emphasis added); *see also Mojapelo v. Avis Budget Car Rental, LLC*, No. 1:18-cv-1029 , 2019 WL 5589079, at *2 (C.D. Ill. Oct. 30, 2019) (instructions relevant to effect on listener's behavior are not hearsay).

The instructions provided to Ms. Hughes by the Software are directly relevant to her state of mind when she failed to report her foreign bank accounts. The Software guides users through several prompts to aid in the preparation of federal income tax returns. As the user inputs their income and other tax-related information, the Software provides instructions regarding any additional information that must be provided to the IRS, including warning users of their obligation to file an FBAR when they indicate that they have an interest in a foreign financial account. These instructions and warnings are not offered for the truth of the matter but to establish that even if Ms. Hughes was not independently aware

of her obligation to file an FBAR, the software she used to prepare her income tax returns notified her of her obligation to report foreign financial accounts and to conduct additional inquiry into whether she needed to file an FBAR.

C. Even if the statements or instructions contained in or provided by the Software were hearsay, they are admissible under Fed. R. Evid. 803(6).

An out-of-court record of a regularly conducted activity is generally admissible under Rule 803(6). As discussed above, the Software satisfies the requirements of Rule 803(6)(A)-(C) and is supported by a certification that complies with Rule 902(11). *See* Fed. R. Evid. 803(6)(D). Further, the Defendant has not shown that "the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E).

It is rare that a business record is excluded under Fed. R. Evid. 803(6)(E). Exclusion has been upheld when the source of the evidence was ambiguous or suggested the document was prepared with an improper motive. *Pope v. Las Vegas Metropolitan Police Dept.*, 647 F. App'x 817, 819 (9th Cir. 2016), *United States v. Licavoli,* 604 F.2d 613, 622-623 (9th Cir. 1979) (finding no abuse of discretion in admitting appraisal contained in business records where opposing party raised no doubts about the appraiser's qualifications or about the appraisal's reliability); *see also Adv. Reimbursement Solutions LLC v. Spring Excellence Surgical Hospt. LLC*, No. CV-17-01688-PHX-DWL, 2020 WL 587841, at *3 (D. Ariz. Feb. 6, 2020) ("[C]ourts usually reserve findings of untrustworthiness for cases involving records that are nonroutine, prepared in anticipation of litigation, or otherwise suggest the existence of a motive and opportunity to falsify."). These circumstances do not exist here. The United States received authentic copies of TurboTax to determine whether Ms. Hughes received any warnings or guidance from the Software related to her FBAR filing requirement. Intuit has no interest in the outcome of this case and thus, no motive to provide the United States with anything other than genuine copies of the Software.

D. The Software is admissible under the residual hearsay exception.

Finally, given the indicia of reliability just described, the Software is admissible under the residual exception to the hearsay requirement. Fed. R. Evid. 807. To be admitted, the evidence must "(1) be evidence of a material fact; and (2) be more probative on the point for which it is offered than any

other evidence that the proponent can obtain through reasonable efforts." *Id.* Ms. Hughes indicated in discovery that she used TurboTax to prepare her tax returns during the years at issue. She also indicated that the software copies she used no longer exist. As a result, the United States requested production of all commercially available copies of TurboTax during the years at issue from Intuit. Intuit provided four copies of TurboTax Premier and indicated that all instructions related to the reporting of foreign financial accounts were identical across all versions of TurboTax for the years at issue.

In short, the Software is the best available evidence of the warnings and instructions provided to Ms. Hughes as she prepared the income tax returns at issue. The specific warnings the Software gave and Ms. Hughes' failure to read or abide by them are directly relevant to the question of whether she willfully failed to report her foreign financial accounts.

## CONCLUSION

For the reasons stated above, the Court should admit the Software into evidence as Trial Exhibits 52-55.

DATED this 20th day of April, 2021

> DAVID A. HUBBERT
> Acting Assistant Attorney General
>
> */s/ Boris Bourget*
> NITHYA SENRA
> BORIS BOURGET
> Trial Attorneys, Tax Division
> U.S. Department of Justice
> *Attorneys for the United States of America*

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9    UNITED STATES OF AMERICA,            Case No. 3:18-cv-5931-JCS

10           Plaintiff,                   DECLARATION OF LISA SKELLY

11       v.

12   TIMBERLY E. HUGHES,

13           Defendant.

14

15       Pursuant to 28 U.S.C. § 1746, I, Lisa Skelly, declare under penalty of perjury that the foregoing

16   is true and correct:

17       1.      I am an employee of Intuit Inc., and work as a Principal Tax Content Analyst for

18   TurboTax products. I make these representations on behalf of Intuit Inc., and information obtained from

19   reviewing the software versions discussed below and from clarifying with the software development

20   team.

21       2.      Intuit sold different versions of TurboTax for the 2010, 2011, 2012 and 2013 tax years.

22   These versions include TurboTax Deluxe, Premier, and Home and Business, among others.

23       3.      For the 2010 tax year, questions and prompts relating to Schedule B of Form 1040,

24   including questions and prompts relating to reporting income from foreign banks, and prompts relating

25   to having bank accounts or other financial accounts in a foreign country, signature or other authority

26   over a bank or other financial account in a foreign country, and indicating whether the total value of

27

28

DECLARATION
CASE NO. 3:18-CV-5931-JCS                          1

1  foreign accounts was more than $10,000 were identical in all versions of TurboTax for the 2010 tax year

2  (including TurboTax Deluxe, Premier and Home and Business).

3      4.    For the 2011 tax year, questions and prompts relating to Schedule B of Form 1040,

4  including questions and prompts relating to reporting income from foreign banks, and prompts relating

5  to having bank accounts or other financial accounts in a foreign country, signature or other authority

6  over a bank or other financial account in a foreign country, and indicating whether the total value of

7  foreign accounts was more than $10,000 were identical in all versions of TurboTax for the 2011 tax year

8  (including TurboTax Deluxe, Premier and Home and Business).

9      5.    For the 2012 tax year, questions and prompts relating to Schedule B of Form 1040,

10  including questions and prompts relating to reporting income from foreign banks, and prompts relating

11  to having bank accounts or other financial accounts in a foreign country, signature or other authority

12  over a bank or other financial account in a foreign country, and indicating whether the total value of

13  foreign accounts was more than $10,000 were identical in all versions of TurboTax for the 2012 tax year

14  (including TurboTax Deluxe, Premier and Home and Business).

15      6.    For the 2013 tax year, questions and prompts relating to Schedule B of Form 1040,

16  including questions and prompts relating to reporting income from foreign banks, and prompts relating

17  to having bank accounts or other financial accounts in a foreign country, signature or other authority

18  over a bank or other financial account in a foreign country, and indicating whether the total value of

19  foreign accounts was more than $10,000 were identical in all versions of TurboTax for the 2013 tax year

20  (including TurboTax Deluxe, Premier and Home and Business).

21      7.    Transmitted to counsel for the United States, Bor.. Bourget and Nithya Senra, in

22  response to a subpoena served in the above-referenced action is an authentic copy of the following

23  software program files:

24      (a) TurboTax Premier for 2010 tax year,

25      (b) TurboTax Premier for the 2011 tax year,

26      (c) TurboTax Premier for the 2012 tax year,

27      (d) TurboTax Premier for the 2013 tax year.

28

DECLARATION
CASE NO. 3:18-CV-5931-JCS         2

8.      Each copy of the software transmitted is an authentic record of the software program file made at or near the time of creation of the product by someone with knowledge of the existence of the program. The software was kept in the course of a regularly conducted activity of Intuit Inc., a business, that sold computer software to aid in the preparation of tax returns and related filings, and keeping a copy of the software was a regular practice of Intuit Inc.

9.      I verified the authenticity of the copies of the software described in paragraph 7 above by personally retrieving electronic copies of the software from the online repository and facilitating their upload to the file-sharing site with counsel for the United States.


EXECUTED this 19th day of March, 2021.

Lisa Skelly
Principal Tax Content Analyst

1  [deleting this page will remove formatting]
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. 3:18-CV-5931-JCS                              3

TIMBERLY E. HUGHES,
Plaintiffs *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

      PLAINTIFF

v.                                 CASE NO.  3:18-cv-5931-JCS

TIMBERLY E. HUGHES

      DEFENDANTS

_____/

### OBJECTION TO PLAINTIFF'S MOTION  IN LIMINE

      The defendant objects to the plaintiff's untimely witness and the filing of the Declaration of Lisa Skelly.  It was mentioned by the Plaintiff that this witness was known in January and this violates Rule 26a(a) and Rule 26F which violates the trial scheduling court order.

      The Plaintiff knew of this witness three months ago, the Declaration was signed and dated on March 19, 2021 when the close of Discovery was March 12, 2021.  The Plaintiff sent a copy of the Declaration to the Defendant on April 2, 2021.  The plaintiff's untimely naming of a witness and introduction of new testimony at this time is a contumacious violation of the court's case management scheduling order under Rule 26(f) and Rule 26(a) regarding the plaintiff's duties for supplementing the discovery disclosure.  Even after this court granted an extension of time for Discovery to the Plaintiff, in spite of the defendant's objection, the plaintiff again exceeded the extension of time.

      The Defendant objects to this witness as it creates a substantial prejudice against the defense.  It is unjust, unfair and in bad faith.  The plaintiff's conduct is willfully deliberate, under-handed and intended to create prejudice or play upon the court's existing prejudice as demonstrated by its denial of the defendant's motion for a fair hearing.

The plaintiff's motion states that it obtained the software from its developer by a subpoena issued under Rule 45, but fails to include the date upon which the subpoena was issued.  This aspect of discovery was not disclosed as required under Rule 26(a) and the plaintiff failed to amend its Rule 26(a) disclosures regarding the discovery of this software, or the identification of any witness used to authenticate the software.  In this case, the plaintiff failed to disclose or identify this witness as required by the rules and refused to produce this witness for cross-examination within the discovery time limits established by the court and agreed upon by the parties.

The defendant was unfairly denied the opportunity to cross-examine this witness before trial.

The declaration baring Lisa Skelly's name was not written, contemplated or prepared by her, it was prepared by an attorney working for the plaintiff.

The words in the declaration itself, and Lisa Skelly herself fail to provide any testimony that Lisa Skelly had any personal knowledge as to the manner in which the defendant used the software, or any material facts regarding the defendant's use of the software.

The defendant never obtained a working copy of any of the software described in the declaration.

The declaration fails to include any testimony regarding the actual software used by the defendant, but instead states that the software described was the same software used by the defendant; however, Skelly has no possible way of knowing that absolutely no provisions of the software were altered in any way from the version used by the defendant, even though the version numbers may be the same.

DATED this 29th day of April, 2021.

_____Timberly E. Hughes_____
Timberly E. Hughes, Defendant

- 2 -

TIMBERLY E. HUGHES,
Defendant *in Propria Persona*
59 Long Bay Road
Akaroa, New Zealand

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
     PLAINTIFF

v.                                      CASE NO.  3:18-cv-5931-JCS

TIMBERLY E. HUGHES
     DEFENDANTS
_____/


## CERTIFICATE OF SERVICE

     I Timberly E. Hughes hereby certify that a true and correct copy of the foregoing was duly served upon the plaintiff's attorney of record, David L. Anderson and Nithya Senra, at the address of P. O. Box 683, Ben Franklin Station, Washington, DC  20044, via first class mail and online this  29th  day of April 2021.

By:  *Timberly E. Hughes*

- 3 -