UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMBERLY E. HUGHES,<br><br>Defendants. | Case No. 18-cv-05931-JCS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 177 |

Defendant Timberly Hughes, pro se, moves to dismiss the United States' claim against her for violation of the Bank Secrecy Act ("BSA"). As a starting point, Hughes has not complied with this Court's local rules, including the requirements to notice a hearing date and provide a proposed order. Civ. L.R. 7-2. Hughes also has not identified any applicable rule of the Federal Rules of Civil Procedure, or other potentially applicable procedural mechanism, under which she brings her motion. And at the moment, the case formally remains closed, since judgment was entered after a bench trial and the Court denied without prejudice the parties' stipulation to reopen, so there is nothing to dismiss—although a case management conference remains set for Friday, January 6, 2023 to discuss the appropriate mechanism for the United States to seek penalties based on its revised calculation on remand.

In addition to its procedural deficiencies, Hughes's motion also fails on its merits. Hughes cites the BSA's statement of purpose to argue that she is not subject to penalties because she is not engaged in money laundering or other specified misconduct, and because she is an individual rather than a financial institution or government agency. *See generally* Mot. (dkt. 177) (citing 31 U.S.C. § 5311). The statement of purpose on which Hughes relies does not purport to limit the substantive provisions of the BSA. The substantive provision at issue here, 31 U.S.C. § 5314(a), authorizes the Secretary of the Treasury to "require a resident or citizen of the United States . . .

[to] file reports" regarding transactions and relationships with foreign financial agencies. As the Court previously determined at a bench trial, Hughes willfully failed to file certain reports required by regulations promulgated under that statute. Dkt. 171.[1] Those regulations apply to individuals and do not require a showing or suspicion of money laundering or other crimes. Another section of the BSA, 31 U.S.C. § 5321(a)(5), authorizes the Secretary of the Treasury to impose penalties for violations of § 5314. That section is also applicable to individuals and does not require a connection to the crimes identified in the statement of purpose.

Courts have routinely imposed and affirmed penalties under those statutes, *e.g.*, *United States v. Horowitz*, 978 F.3d 80 (4th Cir. 2020), or reversed calculations of penalties for other reasons, *e.g.*, *United States v. Boyd*, 991 F.3d 1077 (9th Cir. 2021), without suggesting that the BSA is limited in the way Hughes now argues. This Court is aware of no authority supporting Hughes's position, which contradicts the plain language of 31 U.S.C. §§ 5314(a) and 5321(a)(5). Hughes's motion to dismiss is frivolous and requires no further briefing. The motion is hereby DENIED.[2]

As specified in the Court's previous order dated December 19, 2022 (dkt. 175), the parties shall appear by Zoom webinar for the case management conference on January 6, 2023 to discuss further proceedings regarding the United States' revised penalty calculations.

**IT IS SO ORDERED.**

Dated: January 3, 2023

JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] *United States v. Hughes*, No. 18-cv-05931-JCS, 2021 WL 4768683 (N.D. Cal. Oct. 13, 2021).
[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).