UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIMBERLY HUGHES,<br><br>　　　　　Defendant. | Case No. 18-cv-05931-JCS<br><br>**ORDER DENYING RULE 62.1 MOTION FOR RELIEF THAT IS BARRED BY A PENDING APPEAL FOR NEWLY DISCOVERED EVIDENCE**<br><br>Re: Dkt. No. 194 |

## I.　INTRODUCTION

Following a bench trial and entry of judgment against her, Defendant Timberly Hughes filed an appeal with the Ninth Circuit and that appeal is currently pending. Where an appeal has been docketed and remains pending, a district court cannot grant relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure without a remand. *See* Rule 62.1 advisory committee's note; *see also Balan v. Tesla Motors, Inc.*, 2020 WL 1248670, at *1 (W.D. Wash. Mar. 16, 2020) (citing *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002)). However, under Rule 62.1 of the Federal Rules of Civil Procedure, a district court may indicate to the court of appeals that it would alter its ruling if the case were remanded for that purpose. Hughes brings a motion under Federal Rule of Civil Procedure 62.1, seeking an indicative ruling on relief under Rule 60(b). Dkt. no. 194 ("Motion").

The Motion is based on: 1) Hughes's discovery of a regulation, 31 C.F.R § 101.350(c)(4)(iv),[1] that she contends establishes that bank-to-bank settlements are not required to be reported and are not subject to IRS penalties; and 2) a letter she obtained from her bank ("ANZ

---

[1] In the Motion, Hughes refers to this regulation as 26 C.F.R. § 101.350(c)(4)(iv) but in her reply brief she corrects the citation.

Letter") confirming that certain loans were bank-to-bank transfers, which Hughes contends establishes that these amounts should not have been subject to penalties under this regulation. According to Hughes, the Court abused its discretion in allowing the United States to include these loan amounts in its calculation of penalties and if these amounts had been excluded from the calculation, the penalties for which she is liable would be reduced to $19,269.69 for the year 2012 (down from $147,300), and to $9,826.83 for the year 2013 (down from $90,825). Therefore, she asserts, she should be afforded relief in the form of an indicative ruling from this Court stating that it would grant a Rule 60(b) motion if the court of appeals were to remand the case for that purpose.

For the reasons set forth below, the Motion is DENIED.[2]

## II. ANALYSIS

### A. Legal Standards

When a party brings a Rule 62.1 motion for an indicative ruling, the district court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *See* Rule 62.1(a). Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No 1J, Multnomah Cty. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). A Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed R. Civ. P. 60(c).

### B. Whether Motion Was Made Within a Reasonable Time

"What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657

---

[2] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

2

1  F.2d 1053, 1055 (9th Cir. 1981). Here, judgment was entered on March 6, 2023 and Hughes filed
2  her Motion on January 29, 2024 – a delay just short of 11 months. Under the circumstances of this
3  case, the Court finds that this delay is not reasonable.
4        Prior to entry of judgment, Hughes repeatedly asserted that the penalty calculation was
5  incorrect because it included amounts that were non-taxable loans, thus placing that question
6  squarely at issue throughout the proceeding in this court. *See*, *e.g.*, dkt. no. 130 at p. 4
7  ("Defendant argues that the calculations on the penalty amounts include spikes in her bank
8  account balances from a journal entry by the bank for a non-taxable foreign business loan that was
9  advanced and paid down within a 24 hours period."); dkt. no. 134 at p. 6 ("The penalties on the
10 amounts are not accurate for these reasons: The spikes in the accounts in 2011 and 2012 in TVV
11 account #0625 and in 2013 TVV account #0600 were from the bank making a simple journal entry
12 as part of the mortgage loan secured on the business property and these amounts were journaled by
13 the bank, for one day while if funded the new loan and paid down the existing loan. These are
14 liabilities, these are not a line of credit and was never my money, but a simple journal entry made
15 by the bank."); dkt. no. 181 at p. 1 ("[T]he IRS included in all of its penalty calculations a loan
16 which was a bank originated journal entry and the Defendant did not have any access to these
17 funds."). Yet she did not bring the instant motion for almost eleven months after judgment was
18 entered -- even though the regulation she now points to is a subsection of a regulation that the
19 United States cited in this case, *see, e.g.*, dkt. no. 168 at p. 5, and the Court specifically flagged
20 Hughes's failure to cite any authority in support of her position in its Findings of Fact and
21 Conclusions of Law. *See* dkt. no. 186 at p. 17 ("Hughes identifies no authority for her position
22 that 'bank originated journal entries' should be excluded from her account balances in calculating
23 penalties. The Court holds that the IRS did not abuse its discretion in declining to exclude such
24 entries."). Even taking into consideration the fact that Hughes was not represented by counsel, the
25 Court finds that the delay in bringing the instant motion was unreasonable.
26       C.    **Whether Hughes is Entitled to Relief Based on Newly Discovered Evidence**
27       To obtain relief under Rule 60(b)(2) based on newly discovered evidence, "the movant
28 must show the evidence (1) existed at the time of the trial, (2) could not have been discovered

1  through due diligence, and (3) was "of such magnitude that production of it earlier would have
2  been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878
3  (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211
4  (9th Cir. 1987)). Hughes has not met these requirements here.  In particular, Hughes contends she
5  only recently discovered 31 C.F.R. § 1010.350(c)(4)(iv). But as discussed above, Hughes could
6  have discovered this regulation – and obtained the ANZ Letter – much sooner had she exercised
7  due diligence.   Therefore, she is not entitled to relief under Rule 60(b)(2) based on newly
8  discovered evidence.

### D. Whether Hughes is Entitled to Relief on the Basis of "Mistake"

Under Rule 60(b)(1), the court may grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." It is well established, however, that "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *California Advocs. for Nursing Home Reform, Inc. v. Chapman*, No. 12-CV-06408-JST, 2014 WL 2450949, at *2 (N.D. Cal. June 2, 2014) (quoting *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986))).  "Ignorance of the law does not constitute 'mistake, inadvertence, surprise, or excusable neglect.'" *Id*. (quoting *Engleson,* 972 F.2d at 1043)). Likewise, "Rule 60(b) is not to be used to remedy '[n]eglect or lack of diligence.'"  *Id.* (quoting *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998)).  Thus, Hughes' reliance on her discovery of a regulation that she previously failed to cite and could have discovered prior to entry of judgment does not warrant relief on the basis of mistake.  Similarly, the ANZ Letter could have been obtained long ago with the exercise of due diligence and does not justify awarding relief under Rule 60(b)(1).

### E. Whether Hughes is Entitled to Relief Under Rule 60(b)(6)

Rule 60(b)(6) is a catch-all provision that allows a party to seek relief from judgment for "any other reason that justifies relief."  "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008)

4

(quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)).  The Ninth Circuit has "cautioned that this Rule is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Id*. (quoting *Latshaw*, 452 F.3d 1097) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.2005)).  Hughes has not demonstrated the existence of extraordinary circumstances that prevented her from taking timely action.  Therefore, she is not entitled to relief under Rule 60(b)(6).

### III. CONCLUSION

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 11, 2024

JOSEPH C. SPERO
United States Magistrate Judge

5